JACOB U. PAYNE, J. P. HARRISON, AND GEORGE W. HUNTING-DON, COMMERCIAL PARTNERS, UNDER THE NAME AND FIRM OF PAYNE & HARRISON, INTERVENORS, PLAINTIFFS IN ERROR, *v.* JONATHAN J. NILES, JAMES M. NILES, LEANDER H. COREY, AND STEPHEN ALLEN, PARTNERS, DOING BUSINESS UNDER THE NAME AND STYLE OF NILES & CO., PLAINTIFFS, AND WILLIAM A. BROADWELL, SYNDIC OF ANDREW KNOX, DECEASED, DEFENDANT.

No one can bring up, as plaintiff in a writ of error, the judgment of an inferior court to a superior one, unless he was a party to the judgment in the court below; nor can any one be made a defendant in the writ of error who was not a party to the judgment in the inferior court.

Therefore, where there was a judgment in the court below, and certain persons intervened, whose petition for intervention was dismissed, they have no right to sue out a writ of error from the judgment to which they were not parties; nor was any process, upon their intervention, served upon the original defendant.

THIS case was brought up, by writ of error, from the Circuit Court of the United States for the eastern district of Louisiana.

As originally brought, the suit was Niles & Co. *v.* Knox, and the circumstances which led to the change of title are stated in the opinion of the court.

On the 8th of February, 1856, the Circuit Court dismissed the intervention, with costs, when the intervenors sued out a writ of error, and brought the case up to this court.

It was argued by *Mr. Chilton* for the plaintiffs in error, and by *Mr. Benjamin* for the defendant. There were also briefs of *Mr. Chilton* and *Mr. Davidge* for the plaintiffs in error, and *Mr. Pike* for the defendant.

*Mr. Benjamin* thus noticed the point upon which the decision of the court turned:

1st. The writ of error must be dismissed. There is no such record as is required by the eleventh and thirty-first rules of the court. There is nothing but a petition of intervention, and an agreed statement of facts without any date, but which seems to have been made up after the new trial was refused; no answer, no pleadings, no bill of exceptions. (Keene *v.* Whitaker, 13 Pet., 459; Curtis *v.* Petitpain, 18 How., 110.)

2d. The judgment appealed from is one of which this court has no jurisdiction; the writ ought to be dismissed. (Bayard *v.* Lombard, 9 How., 550; Curtis *v.* Petitpain, 18 How., 110.)

Mr. Chief Justice TANEY delivered the opinion of the court.

This case is brought here by a writ of error directed to the Circuit Court for the eastern district of Louisiana.

It appears by the transcript, that Niles & Co., citizens of Ohio, brought suit in the Circuit Court against Andrew Knox, of Louisiana, for the price of certain machinery furnished to the latter for the use of his plantation. They claimed the vendor's privilege on the articles sold, which were still in possession of the vendee. The suit was instituted on the 21st of February, 1855, and on the 17th of April, 1855, a decree was rendered in favor of the plaintiff for two thousand six hundred and eighty-six dollars and sixty-nine cents, with interest, and with the vendor's privilege on the machinery.

On the 19th of March, 1855, Payne & Harrison, the plaintiffs in error, citizens of Louisiana, filed in the Circuit Court a petition of intervention in the above-mentioned suit, alleging that Knox was indebted to them in a large sum of money, for which they held a mortgage on the plantation on which the machinery in question was erected; and claiming that their right by virtue of this mortgage was superior to the vendor's lien of Niles & Co., and prayed a citation for Niles & Co.; but did not pray for any process against Knox. Nor does the record show that he ever voluntarily appeared to or answered this petition. And on the 8th of February, 1856, it was by the judgment of the Circuit Court finally dismissed, with costs.

A statement of facts was afterwards agreed on between the counsel for Niles & Co. and the counsel for Payne & Harrison, which is set forth in the transcript, but it does not appear that Knox assented to it, or indeed had any knowledge of it.

Afterwards, on the 18th of February, 1856, the counsel for Payne & Harrison represented to the court that Knox had died after the suit on their intervention was instituted, and that no one had qualified as his executor or administrator, and that there was no representative of his estate, except William A. Broadwell, of New Orleans, who was the duly-appointed and qualified syndic of said Knox; and thereupon moved the court that the said Broadwell be made a party to the cause, which was accordingly ordered by the court, and a copy of the order served on him by the marshal on the succeeding day; and on the day of the service, this writ of error was sued out by the intervenors, Payne & Harrison.

The writ recites that a judgment was rendered in a case between Niles & Co., plaintiffs, and Broadwell, syndic of Knox, defendant, and Payne & Harrison, intervenors in said suit, who were plaintiffs, both as against Niles & Co. and Broadwell, syndic of Knox; and citations were issued and served on Niles &

Co. and Broadwell, to appear in this court upon the return of the writ of error.

It will be seen, from this statement, that Payne & Harrison were not parties to the judgment in the suit of Niles & Co. *v.* Knox. The only judgment in the Circuit Court to which they were parties, was the judgment dismissing their petition of intervention; and Knox was not made a party defendant in that proceeding, nor was he a party to that judgment. The order of the court to make Broadwell, his syndic, a party, was passed after this judgment was rendered.

Writs of error to remove the judgment of an inferior tribunal to this court are, under the acts of Congress, governed by the principles and usages of the common law. And it is very well settled in all common-law courts, that no one can bring up, as plaintiff in a writ of error, the judgment of an inferior court to a superior one, unless he was a party to the judgment in the court below; nor can any one be made a defendant in the writ of error, who was not a party to the judgment in the inferior court. Payne & Harrison, therefore, have no right to sue out a writ of error upon the judgment in the suit between Niles & Co. and Knox, to which they were not a party, nor can they make Knox or his representative a defendant in a writ of error brought upon the judgment on the petition of intervention, to which neither Knox nor Broadwell, his syndic, was a party.

This writ of error attempts to do both, and is therefore not warranted by law. It cannot bring the judgments referred to, or either of them, before this court, and must therefore be dismissed, with costs.