**PYLE–NATIONAL CO. v. AMOS et al.**

Nos. 9608, 9609.

United States Court of Appeals
Seventh Circuit.

Feb. 4, 1949.

S. L. Brenner, Morton Frederich, Kenneth S. Nathan and Morris D. Spiegel, all of Chicago, Ill. (Albert J. Ushana, of Chicago, Ill., of counsel) for appellant.

Erwin W. Roemer, Morrison Waud, James A. Velde, Edward J. Hess, Everett Jennings and Geo. D. Sullivan, all of Chicago, Ill. (Gardner, Carton & Douglas, Gordon H. Smith and Bruce L. Carson, all of Chicago, Ill., of counsel) for appellee.

Before MAJOR, Circuit Judge, and BRIGGLE and DUFFY, District Judges.

BRIGGLE, District Judge.

Plaintiff, a New Jersey corporation, brought suit in the District Court on August 11, 1947, against John A. Amos, its former president, Neville R. Emery, its former secretary and treasurer, and one Robert W. Kiessling, an insurance broker, charging that defendants Amos and Kiessling should account to it for the sum of $706,948.30 for corporate funds allegedly misappropriated, received and retained by them; and alleging that it was entitled to judgment against all three for any part of said total not accounted for.

Defendants appeared separately and by their answers denied any wrong doing in connection with the transactions in question. The answer of Amos alleged that many of the transactions complained of were approved by, or were known and acquiesced in by the board of directors, or were the result of a course of conduct engaged in for promotional purposes with the knowledge and approval of the board of directors and some of the principal stockholders of plaintiff corporation. The answer of Emery alleges that he acted under the direction of Amos, his superior officer, and that most, if not all, of the transactions complained of had been in some manner brought to the attention of the board of directors and had been approved by them. The answer of Kiessling denied the receipt of any of the funds allegedly misappropriated, and avers that he acted in reliance upon the ostensible authority of Amos as president.

The cause stood at issue from December 19, 1947, and was set for trial on March 4, 1948. On February 13, 1948, one Lawrence B. Dottenheim, a stockholder with 100 shares of the capital stock of plaintiff corporation, served a written notice upon the plaintiff demanding that Donald G. Boynton, John W. Leslie, Ernest O. Waud and Fred A. Preston, who were directors of plaintiff corporation at the time of the alleged acts of defendants, and others, be made parties defendant to the suit, and advising plaintiff that if they were not made parties to the suit within six days from that date that he would present an intervening petition in his own behalf and in behalf of other stockholders who wished to join, asking leave to intervene and make said parties defendants in the pending proceeding.

On February 17, 1948, said Dottenheim learned that negotiations were on foot to settle the cause of action and that settlement was about to be consummated in District Court at two o'clock on that day. By his counsel he appeared in the District Court just prior to two o'clock, the appointed time for consummation of the settlement, and filed his petition to intervene in said cause for the purposes previously set forth in his notice and demand to the plaintiff. The District Court permitted his intervening petition to be filed but immediately denied the same. Thereupon, by agreement of counsel for plaintiff and defendants, the trial date was advanced from March 4, 1948, to February 17, 1948, and by agreement judgment was entered in favor of the plaintiff and against the defendants for the sum of $353,474.15. The written judgment or-

der recited that plaintiff acknowledged payment, and ordered that same be satisfied in open court.

On February 27, 1948, the said Dottenheim (sometimes hereinafter called intervenor) filed a notice of appeal from said judgment so entered by stipulation between plaintiff and defendants. This appeal is No. 9608 in this Court.

On March 12, 1948, intervenor filed a petition to vacate the money judgment and again praying leave to petitioner to intervene. The District Court denied said motion of March 12, 1948, on the theory that it was without jurisdiction because of the previous appeal of the intervenor on February 27. Later on March 15, 1948, intervenor filed a notice of appeal from the order of February 17th denying intervention as well as from the order of March 12th just referred to.

It will thus be seen that this court is confronted with appeals by the intervenor from three separate orders of the District Court:

1—Judgment order in favor of plaintiff and against defendants of February 17, 1948 (our No. 9608);

2—The order of February 17 denying petitioner leave to intervene (our No. 9609), and

3—The order of March 12th again denying petitioner's motion to set aside the money judgment and again denying leave to intervene (our No. 9609). Plaintiff moves to dismiss all three appeals.

It is unnecessary to recite in detail the charges made in the original complaint filed by the corporation, but it is sufficient to say that they were serious and involved the defendants therein in various charges of misappropriation and misuse of corporate funds in the aggregate of $706,948.30, and the corporation was demanding an accounting therefor. Neither is it necessary to set out in detail the counter charges of the defendants in answering this complaint but it is sufficient to say that they in turn contained some serious charges of wrong doing against the corporate directors hereinbefore referred to and others, all in connection with the alleged misuse of coporate funds by defendants.

The notice and demand served by intervenor upon the corporation recited in great detail the various acts of wrongdoing on the part of defendants and alleged that the directors in charge of such suit on behalf of the corporation were not in a position to protect the stockholders of the corporation but that they themselves had been guilty of serious wrongdoing in permitting and countenancing the various acts of defendant Amos, which if true, amounted to a looting of the corporate treasury in the sum of more than $700,000.00. Dottenheim was the holder of 100 shares of the capital stock of plaintiff issued to him on August 19, 1943, and sought to intervene for the purpose, as his petition recited, of properly conducting the prosecution of the defendants originally named, and also the prosecution in said suit of the corporate directors hereinbefore referred to and others whom the notice and demand contended were alike liable to the corporation for large sums of money.

From the chronology of events heretofore recited, it appears that within four days after the service upon the corporation of this demand by Dottenheim, those acting for the corporation arranged a settlement with the defendants for exactly one-half of the sum contended by the suit to be due from the defendants. The corporation made no response to Dottenheim within the period he had requested but instead, without notice of any kind to him, appeared before the District Court to arrange for a judgment by agreement in the amount heretofore indicated, which judgment was at the same moment and by the same order satisfied in open court. How Dottenheim became aware of the fact that a settlement was to be made does not appear, and it is not important, but when he appeared before the District Court with his petition to intervene containing such serious charges against the corporate directors as we have indicated, it seems that it would have been in order to at least have given him the opportunity of proving his charges by granting his petition to intervene. The charges made against the directors in the petition impugned their integrity and good faith in the conduct of the corporate business. If true, then the directors were disqualified to

negotiate any settlement with defendants; if baseless, that could readily have been established.

■ Instead of accepting the challenge of the petition both plaintiff and defendants urge upon this court that the petition for intervention should be denied because it was not timely presented. Considering that the case was only at issue from December 19, 1947, and that the trial date had been extended to March 4, 1948, and considering further the fact that intervenor had by his notice and demand sought to have the corporation enlarge the scope of its suit to include the purposes of his petition, and considering further that the corporation then controlled by those whom he had sought to make parties defendant within four days after receiving such notice, and without waiting for the expiration of the time therein given, and without notice to the intervenor of their contemplated action undertook to settle the lawsuit; considering all these things we are not impressed with the argument that intervenor's petition was not timely. We think he acted with due diligence and in the face of such serious charges should have been permitted to intervene and at least have been given the opportunity of proof. Technicalities should not be invoked under such circumstances to defeat intervention. We believe that intervenor brought himself within the provisions of Rule 24 of the Federal Rules of Civil Procedure.[1] 28 U.S.C.A.

■ It is also urged by both plaintiff and defendants that the petition to intervene was properly denied because it sought to add new parties defendant without stating their citizenship and thus the District Court was unable to determine whether it would (if they were added as defendants) retain jurisdiction. We have examined the authorities cited in support of this proposition and do not believe them applicable to the instant situation. It will be sufficient time to challenge the jurisdiction of the Court if and when the stockholder is permitted to intervene and when it may be definitely determined whom he may wish to make additional parties defendant. If parties are brought in that would defeat jurisdiction, the District Court will meet that situation when it arises.

On authority of Payne v. Niles, 20 How. 219, 61 U.S. 219, 15 L.Ed. 895; State of Louisiana v. Jack, 244 U.S. 397, 37 S.Ct. 605, 61 L.Ed. 1222; Ex Parte Leaf Tobacco Board of Trade, 222 U.S. 578, 32 S.Ct. 833, 56 L.Ed. 323; In re Trust No. 2988 of Foreman Trust & Savings Bank, 7 Cir., 85 F.2d 942, the appeal in No. 9608 is dismissed.

In No. 9609 we think the District Court's order of March 12th is sound. This order is affirmed.

The order of the District Court of February 17th denying leave to intervene is reversed and the cause remanded to the District Court with directions to permit petitioner to intervene; to file an amended petition as prayed which may embody the purposes of his original petition presented to the District Court on February 17, 1948,

---

[1] "Rule 24. Intervention.

"(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; or (3) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property in the custody or subject to the control or disposition of the court or an officer thereof.

"(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. * * * In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

"(c) Procedure. A person desiring to intervene shall serve a motion to intervene upon all parties affected thereby. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought * . * * ".

and which may at the same time and in the same proceeding challenge the integrity of the consent judgment of February 17th, 1948 in favor of plaintiff and against defendants.

In No. 9608, appeal dismissed.

No. 9609, in part affirmed and in part reversed and remanded.