**In re VAN SWERINGEN CORPORATION et al.**

**EASTMAN et al. v. LECKIE et al.**

**No. 11076.**

United States Court of Appeals
Sixth Circuit.

Feb. 10, 1950.

Meyer Abrams, Chicago, Ill., for appellants.

Calfee, Fogg, McChord & Halter, Cleveland, Ohio, for appellees.

Before SIMONS and ALLEN, Circuit Judges.

PER CURIAM.

This is a petition for leave to appeal from an order of the district court amending the report of the Special Master in respect to fees allowed the trustees and attorneys in a reorganization proceeding pursuant to Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. The petitioners are Eunice E. Eastman, who held 200 shares of the debtor, and Meyer Abrams, her attorney, who intervened in various aspects of the litigation, representing Eastman and Sundry other creditors. The appeal is sought to set aside an order of the district judge which increased allowances to Leckie and Resseger as trustees and attorneys for the debtor, from $121,500 recommended by the Master, to $150,000, and decreased fees of Abrams from $7,500 as recommended, to $1,500. The petition for leave to appeal is joint and several.

Upon consideration of the petition, the extended brief in its support and the response of the trustees, we are of the view that the petition for leave to appeal should be denied for the following reasons:

 The petitioner Eastman is not aggrieved by the order fixing the fees of Abrams. In respect to the order allowing fees to the trustees and their attorneys in excess of that recommended by the Master, she has no standing as an appellant for the reason that she was not a party to the proceedings before either the Master or court in which the fees of the trustees and attorneys were recommended or allowed. It is elementary that no one may bring up for review in an appellate court the judgment of an inferior court unless he was a party to the proceedings below. Payne et al. v. Niles et al., 20 How. 219, 61 U.S. 219, 15 L.Ed. 895; U. S. v. Seigel, 83 U.S. App.D.C. 88, 168 F.2d 143.

The appeal on behalf of Abrams is based upon the contention that the order of the district court increasing the fees of trustees and attorneys and reducing his fees was based upon a clear misconception of law. Abrams relies entirely upon the provisions of Rule 53(e) (2) of the Federal Rules of Civil Procedure, 28 U.S.C.A., wherein it is stated, "In an action to be tried without a jury the court shall accept the master's findings of fact unless clearly erroneous." An examination of the Master's report, however, makes it clear that in respect to fees the Master made no finding of fact but merely a recommendation. If the report contained any finding of fact in respect to the applications for fees, it was limited to a finding that various services in the reorganization proceedings were

compensable and warranted substantial allowances. The report of the Master clearly differentiates those elements in the report which may be construed as findings, from those which are clearly designated as recommendations.

It is also to be observed that the order of the district judge recites, in respect to the services of Abrams and those of the trustees and attorneys, that in the more than 12 years spent on the complex problems of the reorganization and the great volume of litigation entailed, he became familiar with the many important matters of policy and determination taken up with him directly; that he felt adequately informed as to their nature and the services involved and capable of appraising the character and worth of the respective contributions; that while he had doubt that Abrams was entitled to any fees because of ill-advised activities in respect to certain litigation which was costly to the estate, fortified by the opinion of John R. Young of the Securities and Exchange Commission, and by other objections to any allowance, yet in deference to the Master's recommendation, though not bound thereby, it was his judgment that $1,500 would be a liberal allowance for something like 80 or 90 hours of time devoted to the only matter upon which the Master's recommendation was based. It is also to be noted that the amount allowed Abrams, measured by compensation per hour, exceeds that allowed the trustees and attorneys upon a like basis.

In the circumstances here detailed it is our view that the order of the court may be set aside only for an abuse of discretion. Such abuse is not relied upon in the petition, nor do the circumstances narrated present facts upon which an abuse of discretion may be perceived. While Rule 53(e) (2) does require acceptance of a Master's findings unless clearly erroneous, it also provides that, "The court after hearing may adopt the report or may modify it or may reject it in whole or in part * * *." In view of the fact that the amount allowed as fees to the trustees and Abrams involved recommendations by the Master and not findings, that no abuse of discretion is charged or appears, that the

purpose of § 250 of Chapter X of the Bankruptcy Act in requiring the consent of this court to lodge an appeal in respect to fees is to avoid frivolous appeals, In re Von Kozlow Realty Co., 6 Cir., 116 Fed.2d 673, and that this reorganization proceeding after more than 12 years should be brought to a close, the petition for leave to appeal is hereby denied.

The petition for leave is hereby denied.