J. W. GRAHAM, et al., Appellants,

v.

CITY OF ANCHORAGE, a municipal corporation, Appellee.

No. 70.

Supreme Court of Alaska.

June 13, 1961.

---

58

J. W. Graham, in pro. per.

Richard O. Gantz, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

PER CURIAM.

This matter is before the court on the motion of the City of Anchorage to dismiss the appeal.

In April 1960 owners of substantial property interests in West Spenard, an unincorporated area adjacent to the City of Anchorage, petitioned for annexation to the City. In accordance with statutory provisions, it became necessary for the common council of the city, acting through its clerk, to carry out certain procedures for holding an election on this proposition.[1] The clerk refused to take the necessary action, contending that the then existing territorial statutes relating to annexation[2] had been superseded and rendered inoperative by provisions of the state constitution[3] and a 1959 statute creating and conferring powers upon a local boundary commission.[4]

The city commenced this action against its clerk seeking a declaratory judgment[5] to the effect that the existing statutes were still in force and, therefore, there was no obstacle to proceeding with the annexation election. The appellants, who were opposed to annexation, filed their motion to intervene, asserting that their interests would be inadequately represented by the City of Anchorage and that they had valuable property rights which would be adversely affected by a judgment against the City.[6]

The case was heard on the City's motion for summary judgment, and on August 11, 1960 a written opinion was filed by the court below. It found that the local boundary commission had not as of that time established procedures for the adjustment of boundaries by local action, as contemplated by the last sentence of article X, section 12 of the constitution[7]; and held

1. Sections 16–1–29g, 16–1–29h, A.C.L.A. Cum.Supp.1957.

2. Sections 16–1–29 to 16–1–29n, A.C.L.A. Cum.Supp.1957.

3. Article X, § 12 of the Alaska constitution provides: "A local boundary commission or board shall be established by law in the executive branch of the state government. The commission or board may consider any proposed local government boundary change. It may present proposed changes to the legislature during the first ten days of any regular session. The change shall become effective forty-five days after presentation or at the end of the session, whichever is earlier, unless disapproved by a resolution concurred in by a majority of the members of each house. The commission or board, subject to law, may establish procedures whereby boundaries may be adjusted by local action."

4. Sections 16–7–1 to 16–7–3 A.C.L.A. Cum.Supp.1957.

5. S.L.A.1959 ch. 50, § 17(b) provides that: "In case of an actual controversy within the State, the superior court, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such. * * *"

6. Intervention was sought under Rules of Civil Procedure 24 which provides in part as follows:
"(a) *Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action: (1) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; * * *."

7. Supra, note 3.

that until this was accomplished, existing statutes providing for a change in local boundaries by petition and election were in full force and effect.

■ As to the appellants' motion to intervene, the court stated—

"In view of the fact that the proposed intervenors desire to intervene to accomplish the result as here determined by the Court, it would seem unnecessary to join the intervenors as parties and for that reason the motion to intervene is denied."

On August 24, 1960, the court entered a judgment denying appellants' motion to intervene, declaring sections 16–1–29 to 16–1–29n A.C.L.A.Cum.Supp.1957 to be in full effect, and ordering the city clerk to proceed with the processing of the petitions for annexation of West Spenard to the City of Anchorage. The election was held on January 17, 1961, and the annexation proposal was defeated.

After the appellants had taken this appeal from the lower court's judgment, the City moved for a dismissal. The basis for the motion was that since the contested election was in fact held and the proposition voted on defeated, the matter to be considered on the appeal was moot.

At the time this motion was presented to the court for consideration, neither the briefs of the parties nor the record on appeal had been filed. The memorandum accompanying the motion to dismiss gave only a meager presentation of the case. By reason of these circumstances and the fact that appellants were not represented by counsel, we deferred a decision on the motion pending receipt of the briefs and the record on appeal.

The record makes it clear that appellants have never been parties to this action, since the court had denied their motion to intervene. Hence, they had no right to appeal from the judgment in order to obtain review of the merits of the controversy between those who were parties.[8] The only relief that appellants could seek from this court was a review of the trial court's ruling which prevented them from becoming parties to the action. But they failed to ask for this. Neither in their statement of points on appeal[9], nor in their specifications of error in their brief[10], have the appellants designated as error the lower court's refusal to permit intervention.

■ The appellants could not be successful on this appeal even if they were in a position to attack the judgment. From an examination of their brief it is clear that what they really are asking for is an adjudication of the power of the local boundary commission. That issue is not before us, because it was not a matter adjudicated by the court below. This court does not have the duty of deciding abstract propositions or establishing rules of law on matters not involving an actual controversy presented for determination.[11] The only point the trial court decided was that statutory procedures for annexation by petition and election were still in force—that they had not been repealed and were not inconsistent with the constitution. And appellants could not assign that finding as error because it was in precise accord with the position they adopted in their motion to intervene.

The appeal is dismissed.

8. Payne v. Niles, 1858, 20 How. 219, 221, 61 U.S. 219, 221, 15 L.Ed. 895, 896; United States ex rel. State of Louisiana v. Jack, 1917, 244 U.S. 397, 402, 37 S.Ct. 605, 61 L.Ed. 1222, 1227.

9. Supreme Ct.R. 9(e) requires the appellant to serve and file as part of the record on appeal "a concise statement of the points on which he intends to rely on the appeal."

10. Supreme Ct.R. 11(a) (6) requires the appellant's brief to include "A specification of errors relied upon which shall be numbered and shall set out separately and particularly such error intended to be urged."

11. People of State of California v. San Pablo & Tulare R. R., 1893, 149 U.S. 308, 314, 13 S.Ct. 876, 37 L.Ed. 747, 749; Moore v. Smith, 1945, 160 Kan. 167, 160 P.2d 675, 678.