# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 9, 2011

Lyle W. Cayce
Clerk

No. 11-10452

In Re: JAMES R. FISHER and ODYSSEY RESIDENTIAL HOLDINGS, LP

Petitioners

Petition for a Writ of Mandamus to the
United States District Court for the Northern District of Texas

Before HIGGINBOTHAM, SMITH, and PRADO, Circuit Judges

PATRICK E. HIGGINBOTHAM, Circuit Judge:

The petitioners James R. Fisher and Odyssey Residential Holdings, LP (hereinafter, collectively, "Fisher") seek a writ of mandamus directing the district court to recognize that Fisher is a crime victim within the meaning of the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771(d)(3), and the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A. We deny the petition because our current understanding of the record persuades us that the district court was not clearly and indisputably wrong to find that Fisher failed to prove that he had been directly and proximately harmed by Ronald W. Slovacek's criminal conduct. We also deny each of Fisher's pending motions, for reasons we explain below.

I.

This mandamus proceeding arises out of the public-corruption prosecution centering around former Dallas City Council Member Don Hill. At issue here is a conviction arising out of Count 10 of the superseding indictment in this matter, which alleges that Hill and various other members of Dallas city government conspired to solicit and accept things of value in exchange for providing official assistance to the defendant Brian Potashnik in his pursuit of City approval and funding for various affordable-housing-development projects. One of the things of value Hill and his coconspirators solicited was the award of construction subcontracts on Potashnik's developments to the defendant Ronald Slovacek. A jury eventually convicted Slovacek of this conspiracy charge.

The petitioner in this proceeding, Fisher, was a competitor of Potashnik's who was seeking City approval of his own affordable-housing developments. Fisher and his company spent approximately $1.8 million on two such projects. Neither of those projects ever received approval or financing from the City. After Slovacek was found guilty of participating in the criminal conspiracy, Fisher sought restitution. He argued that the conduct of Slovacek and his coconspirators had rendered his $1.8 million investment worthless. The district court found that Slovacek's criminal conduct was not a direct and proximate cause of Fisher's $1.8 million loss and declined to order restitution.

## II.

The CVRA gives "[a] crime victim . . . [t]he right to full and timely restitution as provided in law."[1] A crime victim is any person who has been "directly and proximately harmed as a result of the commission of a Federal offense."[2] Where, as here, a district court has denied a request for restitution under the CVRA, the putative victim may petition the court of appeals for a writ

---

[1] 18 U.S.C. § 3771(a)(6).

[2] Id. § 3771(e).

of mandamus.[3]  In In re Dean, we held that a writ of mandamus may issue under the CVRA:

> only if (1) the petitioner has "no other adequate means" to attain the desired relief; (2) the petitioner has demonstrated a right to the issuance of a writ that is "clear and indisputable;" and (3) the issuing court, in the exercise of its discretion, is satisfied that the writ is "appropriate under the circumstances."[4]

The CVRA requires us to "take up and decide" Fisher's mandamus petition within seventy-two hours of the petition's filing.[5]

The CVRA's "directly and proximately harmed" language imposes dual requirements of cause in fact and foreseeability.  A person is directly harmed by the commission of a federal offense where that offense is a but-for cause of the harm.[6]  A person is proximately harmed when the harm is a reasonably foreseeable consequence of the criminal conduct.[7]  "Under the plain language of the statute, a party may qualify as a victim, even though it may not have been the target of the crime, as long as it suffers harm as a result of the crime's commission."[8]

---

[3] Id. § 3771(d)(3).

[4] 527 F.3d 391, 394 (5th Cir. 2008) (per curiam) (quoting In re United States, 397 F.3d 274, 282 (5th Cir. 2005) (per curiam)).

[5] See 18 U.S.C. § 3771(d)(3).

[6] In re McNulty, 597 F.3d 344, 350 (6th Cir. 2010) (explaining that "[t]he requirement that the victim be 'directly and proximately harmed' encompasses the traditional 'but for' and proximate cause analyses" and that "direct harm encompasses a 'but-for' causation notion" (citations, internal quotation marks, and brackets omitted)).

[7] Cf. United States v. Vaknin, 112 F.3d 579, 590 (1st Cir. 1997) (explaining that restitution under the Victim and Witness Protection Act requires a showing "not only that a particular loss would not have occurred but for the conduct underlying the offense of conviction, but also that the causal nexus between the conduct and the loss is not too attenuated (either factually or temporally)"), abrogated on other grounds by United States v. Booker, 543 U.S. 220 (2005).

[8] In re Stewart, 552 F.3d 1285, 1289 (11th Cir. 2008) (per curiam).

Fisher's mandamus petition comes before us in an unusual posture. The district court denied Fisher's request for restitution on the record during a sentencing hearing after hearing testimony from Fisher. No written order has issued; the transcript of the hearing contains the only explanation of the district court's decision. A transcript of this hearing is not presently before us, but this does not change the fact of the statute's 72-hour deadline. As a result, we must review the district court's decision based upon the factual narrative presented to us by the briefs and the transcript of a prior sentencing hearing during which Judge Lynn rejected Fisher's request for restitution from Slovacek's co-defendant Brian Potashnik.[9] There, Fisher testified at length regarding the criminal conduct of which he claimed to be a victim, and the district court rejected as too speculative Fisher's claim that he loss a meaningful opportunity to acquire the business obtained by his competitor as a result of the conspiracy. That rejection cuts the legs from Fisher's claim here against another codefendant. Based on the record presently before us, we conclude that (1) the district court found that Fisher had not established that the commission of the federal offense of bribery, as alleged in Count 10 of the indictment, was a but-for cause of his losses; and (2) that this finding was not so clearly and indisputably wrong as to warrant the extraordinary relief of mandamus.[10]

Fisher advances two arguments as to why Slovacek's criminal conduct was a but-for cause of his approximately $1.8 million financial loss. First, Fisher argues that had he been aware of Slovacek's ongoing criminal conduct, he would not have made the approximately $1.8 million investment he made in two competing affordable-housing developments. As Fisher explains in his petition,

[9] See generally Transcript of Sentencing Hearing in United States v. Potashnik, available at Appendix in Support of Petition for a Writ of Mandamus in In re Fisher, No. 11-10006 (filed Jan. 6, 2011).

[10] If the transcript of Slovacek's sentencing hearing, once available, shows that our understanding of the proceedings below is inaccurate or incomplete, Fisher will be allowed to file a motion for reconsideration on this basis. See infra note 14 and accompanying text.

"the conspiracy's concealment was a 'but for' cause of inducing these investments." This argument's exclusive focus on the concealment of the conspiracy is misplaced: the target of the but-for inquiry is the conspiracy itself.[11] Fisher has offered no evidence to show that Slovacek's criminal conduct induced Fisher to make his $1.8 million investment or that Fisher would not have made that investment if no conspiracy had taken place. Indeed, the evidence is squarely the contrary: at the time he made the decision to invest the $1.8 million, Fisher mistakenly believed that no conspiracy was under way. There is no reason to believe Fisher would have made a different investment decision if that belief had not turned out to be mistaken.

Nor can Fisher prevail on the related argument that but for the conspiracy, his $1.8 million investment would not have been for naught. This argument depends on the assumption that the City Council would have approved Fisher's competing developments had the conspiracy not taken place. The district court found that this assumption was too speculative to support a finding of but-for causation.

Second, Fisher argues that he was "denied a level playing field in having his projects fairly considered by the Dallas City Council." In support of this argument, Fisher cites a handful of cases in which other courts have held that the loss of a fair competitive opportunity is a sufficiently concrete and cognizable injury to support standing under the Racketeer Influenced and Corrupt Organizations Act. Although this doctrine also finds application in the Equal Protection- and antitrust-standing context, neither this Court—nor any other

---

[11] The cause-in-fact inquiry asks what would have happened had "the defendant's wrongful conduct [been] 'corrected' to the minimal extent necessary to make it conform to the law's requirements." David W. Robertson, The Common Sense of Cause in Fact, 75 TEX. L. REV. 1765, 1770 (1997). If Slovacek had failed to conceal his participation in the criminal conspiracy but nonetheless continued to engage in it, his conduct would not have been in conformity with the law's requirements.

court we are aware of—has ever determined whether it is properly deployed for a final restitution-liability determination under the CVRA or the MVRA.

We can—and hereby do—deny Fisher's petition without answering that question of law. We rest instead on two alternative grounds, each of which is independently sufficient to support our decision. First, the district court found that the claim that Fisher would have had a fair opportunity or a level playing field in the absence of the conspiracy was too speculative to support an order of restitution. The court also found that it was too speculative to conclude that competing on a level playing field would have enabled Fisher to avoid his $1.8 million loss. Neither of these findings was clearly erroneous. Second, and relatedly, Fisher advanced an identical lost-opportunity argument at the sentencing hearing of Slovacek's co-defendant Brian Potashnik. Judge Lynn rejected it, and we held in In re Fisher that her decision to do was not clearly and indisputably wrong.[12] That holding is the law of this case[13] and thus forecloses us from granting mandamus relief based on Fisher's lost-chance claim.

## III.

Because the record presently before us does not establish that Fisher clearly and indisputably proved that he was a victim under the MVRA and the CVRA, we deny the petition for mandamus. We deny the petition without prejudice to Fisher's right to file a petition for rehearing or a motion for reconsideration once an official transcript of the sentencing hearing is filed (but

---

[12] See In re Fisher, No. 11-10006, slip. op. at 2–3 (Jan. 10, 2011).

[13] See Lyons v. Fisher, 888 F.2d 1071, 1074 (5th Cir. 1989) ("The law of the case doctrine provides that a decision of a factual or legal issue by an appellate court establishes the 'law of the case' and must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal in the appellate court." (citation, internal quotation marks, and ellipsis omitted)).

in no case later than twenty days from today).[14]  The scope of any such motion or petition shall be limited to any prejudice suffered here by Fisher for want of an official transcript.

In addition, we deny as moot Fisher's motion to waive the statutory requirement of decision upon a petition for mandamus within 72 hours under the CVRA.

Finally, we also deny Fisher's motion to consolidate the mandamus petition with his appeal raising identical issues, treat the petition as an opening brief on the merits of the appeal, and consolidate decision on the appeal.  We deny this motion without prejudice to any right of appeal Fisher may enjoy. Nothing we say here should be read to imply any view on the proper answer to the question of whether the CVRA gives a putative victim the right to file a direct appeal.

PETITION DENIED.

---

[14] Congress's decision to impose a 72-hour decisional deadline on CVRA mandamus petitions does not imply that Congress intended to foreclose the possibility of rehearing or reconsideration on a more reasonable timetable.  When Congress does intend such a foreclosure, it says so explicitly.  See, e.g., 28 U.S.C. § 2244(b)(3)(E) ("The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.").