In Re James R. FISHER and Odyssey
Residential Holdings, LP,
Petitioners.

No. 11–10452.

United States Court of Appeals,
Fifth Circuit.

Aug. 8, 2011.

John Hatchett Carney, John H. Carney & Associates, Dallas, TX, Paul G. Cassell, University of Utah, School of Law, Salt Lake City, UT, for Petitioner.

Michael Paul Gibson, Carl David Medders, Burleson, Pate & Gibson, L.L.P., Dallas, TX, for Defendant–Respondent.

Chad E. Meacham, Asst. U.S. Atty., Dallas, TX, for Plaintiff–Respondent.

Before HIGGINBOTHAM, SMITH and PRADO, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

The petitioners James R. Fisher and Odyssey Residential Holdings, LP (hereinafter, collectively, "Fisher") move for reconsideration of our prior decision denying Fisher's petition for a writ of mandamus. Having reviewed the newly available sentencing transcript, we remain persuaded that the district court did not clearly and indisputably err by finding that Fisher failed to prove that he was directly and proximately harmed as a result of Ronald Slovacek's commission of the offense of conspiracy to bribe agents of a local government receiving federal benefits. We also decline to reconsider our denial of Fisher's motion to consolidate this mandamus proceeding with his pending direct appeal.

## I.

The relevant facts are recounted in our prior decision in this matter.[1] In short, Slovacek and others were convicted of conspiring to bribe members of the Dallas city government so as to obtain approval for various affordable-housing projects. Fisher is a developer of affordable-housing projects. He alleges that he expended $1,893,671.99 on two projects that were in direct competition with two projects run by Slovacek and his coconspirators. At Slovacek's sentencing hearing, Fisher testified that he would not have made those expenditures if he had been aware that a criminal conspiracy was operating to obtain approval of his competitors' projects. In his own words, Fisher explained that "[n]o prudent or reasonable person, knowing that [Slovacek was] executing a criminal conspiracy with the Potashniks and Don Hill, would have ever spent one dollar on any of these [projects]." As a result, Fisher contends, he is entitled to restitution under the Crime Victims' Rights Act, 18 U.S.C. § 3771.

"The CVRA gives 'a crime victim the right to full and timely restitution as provided in law.'"[2] The statute defines a "crime victim" as any person who has been "directly and proximately harmed as a result of the commission of a Federal offense."[3] "A person is directly harmed by the commission of a federal offense where that offense is a but-for cause of the

---

1. *See In re Fisher,* 640 F.3d 645, 647 (5th Cir.2011).

2. *Id.* (quoting 18 U.S.C. § 3771(a)(6) (brackets and ellipsis omitted)).

3. 18 U.S.C. § 3771(e).

harm."[4]   The district court found that, in view of this but-for causation requirement, Fisher is not a victim of Slovacek's crime within the meaning of the CVRA:

It seems to be the argument ... that it was the concealing of the conspiracy that caused Mr. Fisher to go forward with bidding on these projects.  If that is the contention, in my judgment that is further evidence that ... Fisher [is] not [a] person[ ] directly and proximately harmed as a result of the commission of the offense, which is the crime charged. Not the concealing of the conspiracy, but the conspiracy itself.

In our previous decision in this matter, which was made without the benefit of a transcript of the sentencing hearing, we determined that Fisher had not shown that the district court clearly and indisputably erred by finding that Slovacek's commission of the conspiracy offense was not a but-for cause of Fisher's decision to make the approximately $1.9 million in expenditures for which he seeks restitution.[5] With the transcript now in hand, Fisher contends in his motion for reconsideration that our determination was erroneous. We disagree.

■   An act is a but-for cause of cause of an event if the act is a *sine qua non* of the event—if, in other words, the absence of the act would result in the non-occurrence of the event.  Conversely, an act is not a but-for cause of an event if the event would have occurred even in the absence of the act.[6]   As Professor David Robertson

has explained, ascertaining the existence of but-for causation requires a court to create "a mental picture of a situation identical to the actual facts of the case in all respects save one: the defendant's wrongful conduct is now 'corrected' to the minimal extent necessary to make it conform to the law's requirements."[7]   Then, the court asks "whether the injuries that the plaintiff suffered would probably still have occurred had the defendant behaved correctly in the sense indicated."[8]   Only if the answer to that question is "No" is the defendant's conduct a but-for-cause of the plaintiff's injuries.

Prior decisions of this Court and other courts that interpret the "directly harmed" requirement of the CVRA have utilized this test to ascertain the existence of but-for causation.  For example, where a bystander was injured during the defendant's flight from a bank robbery[9] or a drug deal,[10] the defendant's criminal conduct was a but-for cause of the bystander's injuries.  In each case, if the defendant had "corrected" his conduct by not committing the underlying crime, he would not have been fleeing from the scene of that crime, and no injuries would have resulted from the flight.  Similarly, where an insurance company suffered a financial loss because a house that it insured was destroyed in a fire that started when some chemicals used to cook methamphetamine exploded, the defendants' criminal conduct in trafficking methamphetamine was a but-

**4.**   *In re Fisher,* 640 F.3d at 648.

**5.**   *In re Fisher,* 640 F.3d at 649–50.

**6.**   *Moser v. Tex. Trailer Corp.,* 623 F.2d 1006, 1013 (5th Cir.1980) (quoting W. Prosser, The Law of Torts § 41, at 238 (4th ed. 1971)).

**7.**   David W. Robertson, *The Common Sense of Cause in Fact,* 75 Tex. L.Rev. 1765, 1770 (1997).

**8.**   *Id.* at 1771.

**9.**   *See United States v. Washington,* 434 F.3d 1265, 1268 (11th Cir.2006); *United States v. Donaby,* 349 F.3d 1046, 1053 (7th Cir.2003).

**10.**   *See United States v. Gutierrez–Avascal,* 542 F.3d 495, 498 (5th Cir.2008).

for cause of the insurance company's financial loss.[11] If the defendants had "corrected" their conduct by refraining from manufacturing meth, there would have been no chemicals in the house that could explode and cause a fire.[12]

■ Applying that test to this case compels the conclusion that Slovacek's criminal conduct was not a but-for cause of Fisher's $1.9 million in losses. We acknowledge that Fisher's testimony establishes that the concealment of the conspiracy was a but-for cause of his decision to invest $1.9 million into the two housing projects. If Slovacek, the Potashniks, Hill, and the other conspirators had carried on their bribery scheme openly and in the public eye, Fisher would not have expended a single dollar on his competing projects. But that fact does not establish that the conspiracy itself was a but-for cause of Fisher's losses. Our inquiry is not, What would have happened if there had been a conspiracy but no concealment? Rather, we must ask what would have happened if there had been no conspiracy at all. Would Fisher still have made his $1.9 million investment? The answer, quite obviously, is yes. We know what Fisher would have done if there had been no conspiracy because we know what he did when he honestly (albeit mistakenly) believed that there was no conspiracy: he invested the $1.9 million. Nothing in the transcript of Slovacek's sentencing hearing suggests that Fisher would have refrained from investing in his two housing projects if the bidding process for affordable-housing-development contracts had in fact been operating as a level, conspiracy-free playing field.

Indeed, Fisher does not even argue as much. Instead, he stresses that the concealment of the conspiracy was an essential part of the conspiracy itself.[13] True enough, but that's all it was: one part. Fisher's argument overlooks the other essential part of the conspiracy: the payment and receipt of bribes. Had Slovacek corrected his conduct to the minimum extent necessary to comply with the law, he would have neither participated in a bribery scheme nor concealed that participation. A crime is a but-for cause of an injury only if the injury would not have occurred in the absence of the crime. In the absence of the entirety of Slovacek's crime, both the bribery and the concealment, Fisher's expenditure of $1.9 million still would have occurred. As a result, we decline to reconsider our prior determination that Fisher has not shown that the district court clearly and indisputably erred by concluding that he was not directly harmed by Slovacek's criminal conduct.

II.

■ Next, Fisher re-urges his contention that Slovacek's criminal conduct caused Fisher to lose out on the opportunity to have his affordable-housing projects considered on a level playing field and that this loss is a sufficient harm or injury to make him a victim under the CVRA. Fisher points to three cases that hold that

11. *See United States v. Hackett,* 311 F.3d 989, 992–93 (9th Cir.2002).

12. In his motion for reconsideration, Fisher argues that the test of but-for causation our opinion utilized is inconsistent with the prior decisions described in this paragraph. That argument appears to proceed from the mistaken belief that the test requires an affirmative answer to the question of whether the

victim's injuries still would have occurred even if the defendant had corrected his conduct to conform to the law. Not so. If the defendant's injuries would not have occurred in the absence of the criminal conduct, the criminal conduct is a but-for cause of the injuries.

13. *See generally United States v. Mann,* 161 F.3d 840, 859 (5th Cir.1998).

the loss of the opportunity to bid or compete on fair terms is enough of an injury to confer standing under the Racketeer Influenced and Corrupt Organizations Act.[14] But in each of those cases, the ultimate harm that the plaintiff sought to prove was that as a result of the rigged bidding process, the plaintiff failed to receive approval of its bid or proposed contract.[15] Here, Fisher cannot prove such a harm. The district court made an express finding of fact that the evidence was far too speculative to establish that Fisher's affordable-housing projects would have been approved if the bidding process had not been tainted by the operation of the criminal conspiracy. Fisher does not contend that there is evidence in the record that shows that this finding is clearly and indisputably wrong.[16] Accordingly, we decline to reconsider our disposition of this issue.[17]

### III.

 Finally, Fisher again invites us to consolidate this mandamus proceeding with his pending direct appeal. Again we decline the invitation. The CVRA's text and structure make it plain that a crime victim has the right to have the courts of appeals hear and decide a petition for mandamus. This right extends to the adjudication of petitions for rehearing and motions for reconsideration.[18] By contrast, it is not at all clear that the CVRA also gives a crime victim the right to take a direct appeal.[19] Given the uncertainty surrounding the existence Fisher's appellate rights in this context, we decline to refrain from exercising the authority that Congress plainly intended us to exercise.[20]

### IV.

For the reasons discussed above, Fisher's motion for reconsideration is

DENIED.

14. *See Phoenix Bond & Indem. Co. v. Bridge,* 477 F.3d 928, 930 (7th Cir.2007); *Bulletin Displays, LLC v. Regency Outdoor Adver., Inc.,* 518 F.Supp.2d 1182, 1191 (C.D.Cal.2007); *Astech–Marmon, Inc. v. Lenoci,* 349 F.Supp.2d 265, 267 (D.Conn.2004).

15. *See Phoenix Bond & Indem.,* 477 F.3d at 931 ("The only injured parties are the losing bidders, who acquire fewer tax liens...." (emphasis omitted)); *Bulletin Displays,* 518 F.Supp.2d at 1190 ("[T]he alleged injury is the failure to be awarded a contract with the City...."); *Astech–Marmon,* 349 F.Supp.2d at 270 ("[I]f a plaintiff can prove that it lost a contract because of a racketeering scheme, it is entitled to be compensated for that injury.").

16. In fact, at the sentencing hearing of Slovacek's co-defendant Brian Potashnik, Fisher conceded that it was impossible to know whether his projects would have been approved if they had been "treated on a level playing field vis-a-vis the Potashniks' project."

17. Because we conclude that the record below supports the conclusion that Fisher has failed to prove that he was harmed as a result of his lost opportunity to compete on a level playing field, we need not address Fisher's objections to our prior opinion's in-the-alternative reliance on the law-of-the-case doctrine.

18. *See In re Fisher,* 640 F.3d at 650 n. 14.

19. *See In re Amy Unknown,* 636 F.3d 190, 194–97 (5th Cir.2011) (cataloguing the split among the circuits on this issue); *see also United States v. Monzel,* 641 F.3d 528, 540–44 (D.C.Cir.2011) (concluding that the CVRA does not authorize a putative crime victim to take a direct appeal), *cert. filed,* No. 11–85 (July 15, 2011).

20. In denying Fisher's motion to consolidate, we express no view on the proper disposition of the Government's motion to dismiss that is currently pending under cause number 11–10444.