# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 10, 2012

No. 11-10444

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RONALD W. SLOVACEK,

Defendant-Appellee

v.

JAMES R. BILL FISHER; ODYSSEY RESIDENTIAL HOLDINGS, L.P.,

Appellants

Appeal from the United States District Court
for the Northern District of Texas

Before STEWART, Chief Judge, and JOLLY and DeMOSS, Circuit Judges.

CARL E. STEWART, Chief Judge:

Appellant James R. Bill Fisher, as well as his business, Appellant Odyssey Residential Holdings, L.P., (hereinafter, collectively referred to as "Fisher"), appeals the district court's denial of his request for an award of restitution as a purported victim of Defendant Ronald Slovacek's criminal bribery offense. As this court recently concluded that nonparties may not challenge adverse restitution rulings via direct appeal, and instead must rely on the procedures for such challenges expressly set forth in the Crime Victims' Rights Act ("CVRA"),

No. 11-10444

*see In re Amy Unknown*, No. 09-41238, 2012 WL 4477444, at \*5 (5th Cir. Oct. 1, 2012) (en banc), we dismiss this appeal.

## I.

This case arises out of the public corruption trial centering around former Dallas City Councilman Don Hill. Hill and others attempted to extort James Fisher, vice president in charge of development and partner of Odyssey Residential Holdings, a low-income housing developer, in exchange for their support of Fisher's planned housing projects. Fisher approached the FBI to report the extortion, triggering the criminal investigation which led to the indictment of Hill, Slovacek, and others. The district court awarded $112,500 to Fisher as a victim of the extortion conspiracy.

Count 10 of the Indictment charged Hill, low-income housing developer Brian Potashnik, his subcontractor Slovacek, and three others with conspiracy to commit bribery concerning a local government receiving federal funds, in violation of 18 U.S.C. § 666. The factual allegations described that Hill and others conspired to solicit and accept things of value in exchange for providing official assistance to Potashnik in his pursuit of approval and funding for affordable housing projects. Slovacek, an associate of Hill, was awarded construction subcontracts in exchange for Hill's official assistance to Potashnik. The district court severed the cases of Slovacek and others.

On June 21, 2009, Potashnik entered a guilty plea as to Count 10. Fisher, one of Potashnik's competitors, filed a motion seeking $1.89 million in restitution from Potashnik based on his conviction under Count 10. Fisher cited expenditures on two projects for which he sought approval from the City of Dallas. Neither project received approval or financing from the City. The district court denied the motion for restitution, finding that Fisher failed to show that he was directly and proximately harmed by the conspiracy underlying Potashnik's conviction. This court denied Fisher's petition for writ of

2

No. 11-10444

mandamus, brought pursuant to the CVRA, challenging the district court's restitution ruling. *See In re Fisher (Fisher I)*, No. 11–10006, slip. op. at 2–3 (Jan. 10, 2011).

On November 19, 2010, a jury found Slovacek guilty of all three counts against him, including Count 10. Prior to his sentencing, Fisher filed a motion seeking the same $1.89 million in restitution from Slovacek, stemming from his conspiracy conviction under Count 10. At Slovacek's sentencing hearing, Fisher was permitted to testify and reiterated his claim that he was a victim of Slovacek's bribery scheme because the investments he made to undertake certain development projects were rendered worthless by the conspiracy. Orally at sentencing, the district court denied the motion, finding that Fisher was not a victim of Slovacek's bribery conspiracy because Fisher was not directly and proximately harmed by Slovacek's offense.

On May 9, 2011, this court denied Fisher's CVRA petition for writ of mandamus challenging the district court's denial of restitution against Slovacek pursuant to his conviction under Count 10. *See In re Fisher (Fisher II)*, 640 F.3d 645 (5th Cir. 2011).

After the sentencing transcript was released, Fisher moved for reconsideration of this court's denial of his petition claiming restitution against Slovacek. This court denied the motion for reconsideration on August 8, 2011. *See In re Fisher (Fisher III)*, 649 F.3d 401 (5th Cir. 2011).

The district court entered a final written judgment against Slovacek, which did not order him to pay restitution to Fisher. Fisher directly appealed the judgment. The Government has moved to dismiss this appeal for lack of jurisdiction.

## II.

The court reviews its own jurisdiction de novo. *Nehme v. INS*, 252 F.3d 415, 420 (5th Cir. 2001).

3

No. 11-10444

III.

A.

Fisher first asserts that he is entitled to restitution under the Mandatory Victims of Restitution Act of 1996 ("MVRA"). The MVRA provides that when sentencing a defendant convicted of certain offenses, "the court shall order, in addition to . . . any other penalty authorized by law, that the defendant make restitution to the victim of the offense . . . ." 18 U.S.C. § 3663A(a)(1).

In 2004, Congress enacted the Crime Victims' Rights Act ("CVRA"), which gives victims eight enumerated rights, including "[t]he right to full and timely restitution as provided in law." *Id.* § 3771(a)(6). As part of its enforcement scheme, the CVRA provides as follows:

> The rights described in subsection (a) shall be asserted in the district court in which a defendant is being prosecuted for the crime or, if no prosecution is underway, in the district court in the district in which the crime occurred. The district court shall take up and decide any motion asserting a victim's right forthwith. If the district court denies the relief sought, the movant may petition the court of appeals for a writ of mandamus. . . . The court of appeals shall take up and decide such application forthwith within 72 hours after the petition has been filed. In no event shall proceedings be stayed or subject to a continuance of more than five days for purposes of enforcing this chapter. If the court of appeals denies the relief sought, the reasons for the denial shall be clearly stated on the record in a written opinion.

*Id.* § 3771(d)(3). Also as part of its enforcement scheme, the CVRA provides that "[i]n any appeal in a criminal case, the Government may assert as error the district court's denial of any crime victim's right in the proceeding to which the appeal relates." *Id.* § 3771(d)(4).

The CVRA further provides that a victim may make a motion to re-open a sentence only if, in addition to two other requirements not at issue here, "the victim petitions the court of appeals for a writ of mandamus within 14 days[.]" *Id.* § 3771(d)(5)(B). Lastly, the CVRA provides that "[n]othing in this chapter

4

No. 11-10444

shall be construed to impair the prosecutorial discretion of the Attorney General or any officer under his direction." *Id.* § 3771(d)(6).

B.

"The rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled." *Marino v. Ortiz*, 484 U.S. 301, 304 (1988); *see also Bayard v. Lombard*, 50 U.S. 530, 546 (1850) (holding that a writ of error "cannot be sued out by persons who are not parties to the record, . . . [or] by strangers to the judgment and proceedings . . ."); *Payne v. Niles*, 61 U.S. 219, 221 (1857) ("[I]t is very well settled in all common-law courts, that no one can bring up, as plaintiff in a writ of error, the judgment of an inferior court to a superior one, unless he was a party to the judgment in the court below . . . ."); *United States ex rel. La. v. Boarman*, 244 U.S. 397, 402 (1917) (describing the principle proscribing nonparty appeals "as a subject no longer open to discussion").

The courts of appeals have recognized limited exceptions to this rule. The Supreme Court has regarded these exceptions with, at best, skepticism. *See Marino*, 484 U.S. at 304 ("The Court of Appeals suggested that there may be exceptions to this general rule, primarily when the nonparty has an interest that is affected by the trial court's judgment. . . . We think the better practice is for such a nonparty to seek intervention for purposes of appeal; denials of such motions are, of course, appealable." (internal quotation marks and citation omitted)); *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 933 (2009) ("The Court has further indicated that intervention is the requisite method for a nonparty to become a party to a lawsuit.").

Unlike the Federal Rules of Civil Procedure, there is no procedure for nonparty intervention in criminal cases. "[T]he Federal Rules of Criminal Procedure express an aversion to allowing third-party interference with sentencing." *McClure v. Ashcroft*, 335 F.3d 404, 412-13 (5th Cir. 2003). This

5

court has noted that "judgments, particularly criminal judgments, should not be lightly disturbed." *Id.* at 411. "In this regard, criminal defendants did not even have a right to appeal until 1889." *Id.* at 412.

This court recently determined that nonparty victims do not have the right of direct appeal under the CVRA. *See In re Amy*, 2012 WL 4477444, at \*5 ("Because nothing in the CVRA suggests that Congress intended to grant crime victims the right to an appeal or otherwise vary the historical rule that crime victims do not have the right of appeal, we conclude that the CVRA grants crime victims only mandamus review."). In light of this ruling, we hold that our circuit precedent forecloses Fisher's MVRA claim brought pursuant to the CVRA.

Fisher further argues that even if the CVRA does not contemplate direct appeals by victims, he should still be allowed to appeal under 28 U.S.C. § 1291, which provides that "[t]he courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ." However, as sister circuits considering this question have explained, § 1291 concerns *what* may be appealed rather than *who* may appeal. *See United States v. Aguirre-Gonzalez*, 597 F.3d 46, 52-53 (1st Cir. 2010); *United States v. Hunter*, 548 F.3d 1308, 1312 (10th Cir. 2008); *see also In re Amy*, 2012 WL 4477444, at \*5 n.4 (explaining that sister circuit decisions allowing crime victims to appeal under § 1291 are unpersuasive). The question of who may appeal remains governed by the principle that nonparties generally lack the capacity to appeal. Fisher's expansive interpretation of § 1291 would nullify this established principle, as any nonparty, not only victims of crimes, would be able to appeal district court decisions so long as they were final.

Accordingly, pursuant to circuit precedent and the well-established principle that nonparties are generally not permitted to appeal adverse judgments, particularly in criminal cases, we lack jurisdiction to consider Fisher's direct appeal of the district court's criminal judgment.

No. 11-10444

IV.

For the foregoing reasons, we DISMISS this direct appeal for lack of jurisdiction.  All pending motions are DENIED.