# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 4, 2019

No. 19-30027

Lyle W. Cayce
Clerk

TAYLOR CARLISLE, individually and as Representative Member of a Class;
EMILE HERON, Individually and as Representative Member of a Class,

Plaintiffs - Appellants

v.

PATRICIA KLEES, Officer,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-3767

Before KING, JONES, and DENNIS, Circuit Judges.

PER CURIAM:*

Plaintiffs-Appellants, two former participants in Jefferson Parish's Drug Court, brought this civil rights action under 42 U.S.C. § 1983. They alleged that members of the Drug Court, acting in their official and individual capacities, violated their constitutional rights to due process by jailing them

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for technical program violations without a hearing and for giving them "flat time" sentences that did not allow the ability to earn credit for good behavior.

The district court dismissed the claims against three defendants—a Drug Court administrator, a supervisor, and a probation officer (collectively, the Drug Court Administrators)—finding, inter alia, that the Drug Court Administrators were entitled to Eleventh Amendment immunity from suit seeking damages for actions taken in their official capacities and that Plaintiffs lacked standing to bring injunctive and declaratory relief claims against the Drug Court Administrators. A panel of this court affirmed that dismissal for the reasons stated by the district court. *Carlisle v. Mussal,* 774 F. App'x 905, 905 (5th Cir. 2019). Now, Plaintiffs appeal the district court's dismissal of their claims against another Drug Court administrator, compliance officer Patricia Klees. The district court concluded that, like the Drug Court Administrators, Klees was entitled to Eleventh Amendment sovereign immunity from Plaintiffs' § 1983 damages claim against her in her official capacity and that Plainitffs lacked standing to bring claims seeking declaratory or injunctive relief against Klees.

"Under the law of the case doctrine, an issue of fact or law decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal." *United States v. Matthews,* 312 F.3d 652, 657 (5th Cir. 2002) (internal quotation marks and citation omitted). Because Klees is identically situated to the Drug Court Administrators,[1] we

---

[1] Plaintiffs argued in the district court, and seem to argue before this court, that their official-capacity claims against Klees differ from those against the other Drug Court Administrators because "their official-capacity claims against Klees . . . are for acts that she took in her capacity as a police officer for the City of Gretna rather than in her capacity as a Drug Court administrator." We agree with the district court that Plaintiffs' allegations against Klees are for acts committed in her capacity as a compliance officer for the Drug Court, and therefore she is situated identically to the Drug Court Administrators.

apply the law of the case doctrine and decline to disturb the earlier panel's ruling that the district court did not err in dismissing Plaintiffs' official-capacity damages claims based on Eleventh Amendment immunity and their declaratory-or-injunctive-relief claims for lack of standing. *See Carlisle*, 774 F. App'x at 905; *In re Fisher*, 640 F.3d 645, 649-50 (5th Cir. 2011).

The district court also found that Plaintiffs failed to sufficiently plead a § 1983 damages claim against Klees in her individual capacity. The court explained that Plaintiffs' complaint "[did] not explicitly state that it asserts a claim against Klees in her personal capacity, and in fact it does not mention Klees in any section purporting to assert any claims against anyone in their personal capacities." Because "a § 1983 suit naming defendants only in their 'official capacity' does not involve personal liability to the individual defendant," *Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 483 (5th Cir. 2000), and Plaintiffs' complaint did not contain a short and plain statement seeking relief from Klees individually, the district court concluded that no claims against Klees remained. We agree. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating that Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests'" (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration omitted)).

For these reasons, the judgment of the district court is AFFIRMED.