

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-20-2008

# USA v. Agarwal

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1424

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Agarwal" (2008). *2008 Decisions.* Paper 206.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/206

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-1424
_____


UNITED STATES OF AMERICA

vs.

RISHABH M. AGARWAL

Appellant.


_____


On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 05-cr-00278)
District Judge:  The Honorable David S. Cercone


_____


Submitted Under Third Circuit LAR 34.1(a)
May 23, 2008


BEFORE: SMITH, HARDIMAN, and NYGAARD, Circuit Judges.


Filed: November 20, 2008


_____


OPINION OF THE COURT

_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

I.

Rishabh Agarwal paid an undercover FBI agent $150.00 for a counterfeit Carnegie Mellon University student identification card, with which he had hoped to gain access to various campus facilities.   He was arrested minutes after receiving the identification card from the undercover agent.  The Government charged Agarwal with one count of fraud in connection with identification documents, in violation of The False Identification Crime Control Act, 18 U.S.C. § 1028(a)(7).[1]   He was found guilty following a bench trial and sentenced to two-years probation. The primary issue on appeal concerns what level of connection must exist to interstate commerce  to confer federal jurisdiction under 18 U.S.C. 1028(a)(7).[2]   The Government maintains that only a minimal nexus to interstate

[1]An "identification document," such as a driver's license, is defined by the statute: "[T]he term "identification document" means a document made or issued by or under the authority of the United States Government, a State, political subdivision of a State, a foreign government, political subdivision of a foreign government, an international governmental or an international quasi-governmental organization which, when completed with information concerning a particular individual, is of a type intended or commonly accepted for the purpose of identification of individuals[.]" 18 U.S.C. § 1028(d)(2).

[2]Agarwal also argues that the evidence that he intended to use the card to commit another offense – namely criminal trespass under 18 Pa.C.S. 3503(a), is insufficient. Following a thorough examination of the evidence presented at trial we are satisfied that the evidence was indeed sufficient.

commerce is required whereas Agarwal argues the nexus must be substantial. Because the evidence here would support a finding of a substantial connection, we need not decide the issue. We will affirm.

## II.

The Government and defense counsel agreed upon and stipulated to most of the facts. By way of a summary, the testimony and trial stipulations reveal that Agarwal began corresponding with a confidential source of the FBI. He told this source that he was studying in the United States as part of a planned expansion of his family's pump-making business back in India. Agarwal indicated that he did not have much of a social life outside local universities. He also told the confidential source that he often checked out books from the CMU library on his friends' cards. Agarwal indicated that he wanted to use CMU's gym and "wanted free access to the robotics building."

## III.

Congress revamped Title 18, U.S. Code, § 1028 in 1982 to criminalize the production, possession, and use of false identification documents and document-making equipment. "Document" was the key word because, under the law as it existed, a defendant had to actually possess a piece of paper or plastic before there could be a criminal offense. At that time, there was no separate federal crime for assuming the identity of another, and thus there could be no federal conviction for misappropriating another's identity.

3

That situation was remedied in 1998, when Congress enacted the Identity Theft and Assumption Deterrence Act of 1998, which criminalized the use and transfer of a "means of identification." The statute allows that

> whoever ... knowingly transfers or uses, without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law shall be punished as provided in subsection (b) of this section.

18 U.S.C. § 1028(a)(7). The addition of § 1028(a)(7) gave strength to the somewhat ineffective law because a "means of identification" no longer required the production, possession, or use of an actual identification document.

The statute also has a jurisdictional element, which requires either that the production, transfer, possession, or use of the means of identification be in or affect interstate or foreign commerce. 18 U.S.C. § 1028(c)(3)(A). The legislative history of this statute reflects Congress' intention to "provide broad Federal jurisdiction over violations of this section" and that only a "minimal nexus with interstate commerce" need be shown. *See* H.R. Rep. No. 97-802 (1982), reprinted in 1982 U.S.C.C.A.N. 3519, 3532-33.

Other courts interpreting the jurisdictional requirement of Section 1028 have required the Government to prove only a minimal nexus between a defendant's conduct and interstate or foreign commerce. *See e.g., United States v. Jackson*, 155 F.3d 942, 947 (8th Cir. 1998) (affirming conviction where the government demonstrated that defendant's possession of five or more fraudulent identification documents "affected

4

interstate commerce by proving that possession of the stolen driver's licenses was integral to [defendant's] scheme to defraud businesses and banks operating in interstate commerce.") Because, however, we need not decide the issue, we will save it for another day.

Here, the Government presented substantial evidence of a connection between Agarwal's crime and interstate commerce. For example, the record reflects his use of the Internet, an instrumentality of interstate commerce, to make arrangements to purchase the fraudulent identification card. *See e.g., United States v. MacEwan*, 445 F.3d 237, 245 (3d Cir. 2006). The record demonstrates that the component parts of the identification card traveled through interstate commerce. Testimony further established that CMU accepts students not only from the United States, but also from other nations. Finally, the record establishes that the identification card at issue could have been used to gain access to facilities at a branch campus in California.

Indeed, the District Court stated that it had seen many instances where the federal nexus had been less significant than it was in Agarwal's case. We agree. In this case, Agarwal's conduct in procurring a fraudulent identification card was an integral part of his scheme. Sufficient evidence supports a substantial connection to interstate commerce.

IV.

In sum, viewing the evidence in the light most favorable to the Government, we conclude that it has shown the requisite connection to interstate or foreign commerce

5

under 18 U.S.C. § 1028(a)(7). *United States v. Voigt,* 89 F.3d 1050, 1080 (3d Cir. 1996).

We will affirm Agarwal's judgment and conviction.