**HLD-204 (September 2010)**                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3484
_____

IN RE:  AMIN A. RASHID,

                                         Petitioner

_____

On Petition for Writ of Mandamus from the United States
District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 08-cr-00493-001)

_____

Submitted Under Rule 21, Fed. R. App. Pro.
September 30, 2010
Before:  MCKEE, Chief Judge, SCIRICA and WEIS, Circuit Judges

Opinion filed: November 3, 2010

_____

OPINION
_____

PER CURIAM.

        Amin Rashid, proceeding pro se, has filed a petition for a writ of mandamus

seeking review of a District Court judge's decision to deny his request for recusal in his

criminal proceedings.  For the reasons that follow, we will deny the petition.

        Rashid was charged with two counts of mail fraud and one count of

aggravated identity theft. In March 2009, Rashid filed a motion to proceed pro se and defense counsel moved to withdraw as counsel. The District Court granted these motions. In May 2009, a Superceding Indictment was issued charging Rashid with ten counts of mail fraud, eight counts of aggravated identity theft, and one count of passing an altered postal money order. The District Court held a hearing in November 2009 and ruled on numerous motions filed by Rashid. Rashid continued to file pre-trial motions, including a motion pursuant to 28 U.S.C. § 455 to disqualify District Judge Anita Brody, who was presiding over his case. Judge Brody granted Rashid's motion for disqualification and his case was reassigned to District Judge Cynthia Rufe. Rashid filed additional pre-trial motions and the District Court held a hearing addressing Rashid's filings in April 2010.

In June 2010, Rashid filed an affidavit pursuant to 28 U.S.C. § 144 accusing Judge Rufe of bias or prejudice against him and in favor of the Government. The District Court reviewed the sufficiency of the affidavit to determine whether disqualification was necessary. The District Court found the affidavit procedurally defective, noting it was not accompanied by a certificate stating that it was made in good faith. The District Court also found that Rashid's earlier motion to disqualify Judge Brody precluded consideration of his allegations of bias on the merits under § 144, which provides that a party may file only one affidavit of bias in any case.

For the sake of completeness and ultimate review of its actions, the District

2

Court also examined the legal sufficiency of the affidavit. The District Court noted that Rashid's affidavit primarily alleged facts related to the procedural history of the case, which had no bearing on allegations of bias against the District Court. The District Court found that Rashid's allegations reflected only his general disagreement with the District Court's rulings, scheduling, or procedure during the course of the proceedings. The District Court further stated that Rashid had not identified any extrajudicial source of bias by the Court and that he alleged only purely judicial conduct to support his claim of prejudice. The District Court thus denied Rashid's request for recusal pursuant to 28 U.S.C. § 144.

Rashid then filed the present mandamus petition, contending that the allegations contained in his affidavit pursuant to 28 U.S.C. § 144 are not about Judge Rufe's rulings but her inability to render a fair judgment. Mandamus, however, does not lie to correct a district judge's failure to disqualify himself or herself for actual bias under 28 U.S.C. § 144. In re School Asbestos Litig., 977 F.2d 764, 775-76 (3d Cir. 1992). We have held that an appeal from final judgment is an adequate means of relief to rectify such a failure. Id. at 775 (citing Green v. Murphy, 259 F.2d 591, 594 (3d Cir. 1958) (en banc)).[1] Rashid's reliance on United States v. Washington, 549 F.3d 905 (3d Cir. 2008),

---

[1] In School Asbestos Litig., we noted that the reach of Green was somewhat unclear as that case could be read to hold that mandamus might be available under extraordinary circumstances. 977 F.2d at 775. We need not decide the reach of Green here as no extraordinary circumstances are present.

as authority supporting the availability of mandamus relief, is misplaced. <u>Washington</u> involved a district court order vacating a criminal sentence, not a motion for recusal pursuant to 28 U.S.C. § 144. <u>Id.</u> at 917-18.[2]

Accordingly, because the requested relief is not available, we will deny the petition for a writ of mandamus.

---

[2] To the extent Rashid argues in his mandamus petition that an appearance of judicial bias exists in this case that requires recusal pursuant to 28 U.S.C. § 455, Rashid did not seek Judge Rufe's recusal on this basis in District Court.