GLD-183                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2172
_____

IN RE: AMIN RASHID,
                              Petitioner
_____

On a Petition for Writ of Mandamus from
the United States District Court
for the Eastern District of Pennsylvania
(Related to D.C. Crim. No. 08-cr-00493)
_____

Submitted Pursuant to Fed. R. App. Pro. 21
May 17, 2012

Before: FUENTES, GREENAWAY JR. and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 25, 2012)
_____

OPINION
_____

PER CURIAM

Amin Rashid, proceeding pro se, has filed a petition for writ of mandamus,

seeking review of a District Judge's decision to deny his second request for recusal in his

criminal proceedings. For the reasons that follow, we will deny the petition.

Rashid was charged with two counts of mail fraud and one count of aggravated

identity theft in the United States District Court for the Eastern District of Pennsylvania,

see <u>United States v. Rashid</u>, D.C. Crim. No. 08-cr-00493. Rashid elected to defend

himself in the criminal proceedings. In May, 2009, a superseding indictment charged

Rashid with ten counts of mail fraud, eight counts of aggravated identity theft, and one count of passing an altered postal money order. The superseding indictment alleged that Rashid defrauded clients of his company, the Center for Constitutional and Criminal Justice, by accepting fees to stop or reverse Sheriff's sales, or to recover proceeds from Sheriff's sales, while in fact performing none of these services.

The District Judge then assigned to Rashid's case granted his motion for disqualification and his case was reassigned to District Judge Cynthia Rufe, who thereafter ruled against Rashid on a number of his motions. In June, 2010, Rashid filed an affidavit pursuant to 28 U.S.C. § 144, in which he alleged that Judge Rufe was actually biased against him and in favor of the Government. Judge Rufe rejected the affidavit on procedural grounds, and, in the alternative, she denied the recusal request on the merits. As a threshold matter, Judge Rufe observed that, as of the date of the decision, Rashid had "filed at least forty-five *pro se* motions, petitions or requests to the court on discovery and other matters . . . . and at least thirteen separate motions to dismiss the indictment or reconsider orders denying motions to dismiss the indictment…." United States v. Rashid, 2010 WL 2978038, at *1 (3d Cir. 2010).

In finding no basis for disqualification on the merits, Judge Rufe noted Rashid's complaints that she was obstructing him from proving a conspiracy; she appeared annoyed with him; she chastised him for issuing a subpoena to the Magistrate Judge; she refused to allow him to present a witness; and she told him not to write her any more letters. Id. at *4. Judge Rufe also noted Rashid's complaint that she improperly intervened in the matter of unsealing the search warrant documents by signing the Order to unseal the documents as a Magistrate Judge rather than as a United States District

2

Judge. See id. at *5. Judge Rufe determined that these allegations reflected only Rashid's disagreements with her rulings during the course of his criminal proceedings. See id. Rashid had not identified any extrajudicial source of bias, and he alleged only purely judicial conduct, in the form of rulings adverse to him, to support his claim of prejudice. See id. at 6. Accordingly, recusal was unwarranted.

Rashid then filed his first mandamus petition in this Court, contending that the allegations contained in his section 144 affidavit were not about Judge Rufe's rulings but her inability to render a fair judgment. We denied that petition, holding that mandamus will not lie to correct a District Judge's failure to disqualify herself under 28 U.S.C. § 144 for actual bias. In re: Rashid, 400 Fed. Appx. 641 (3d Cir. 2010) (appeal from final judgment is adequate means to rectify such failure).

After that, Rashid filed a motion in the proceedings below to disqualify Judge Rufe under 28 U.S.C. § 455, which more broadly authorizes disqualification when a judge's impartiality may reasonably be questioned. Rashid alleged that the "appearance of bias" on Judge Rufe's part was shown by her intervention in the motion to unseal the search warrant documents; her having decided six issues adversely to him during a hearing on April 26, 2010; her having accused him in a June 24, 2010 hearing of attempting to intimidate Magistrate Judge Hay and having threatened him with contempt; her having ordered him not to write any more letters to judicial officers; and her hostility toward him in front of his witness who later refused to cooperate in his defense. Judge Rufe denied the section 455 disqualification motion as legally insufficient, relying on her previous decision denying Rashid's section 144 request for disqualification.

3

Meanwhile, trial commenced on June 28, 2011. The jury returned a verdict of guilty against Rashid on numerous counts, and Rashid then filed motions for judgment of acquittal, a new trial, and bail, which remain pending.

At issue now, on April 27, 2012, Rashid filed a second petition for writ of mandamus in this Court, seeking the disqualification of Judge Rufe under 28 U.S.C. § 455(a) on the basis of an appearance of bias, and under section 455(b) because she is likely to be a material witness. Rashid alleges that the "appearance of bias" on Judge Rufe's part is shown by her intervention in the Government's motion to unseal the search warrant documents; her numerous decisions adverse to him and in favor of the Government (particularly on a matter involving Pennsylvania law); her having accused him of attempting to intimidate Magistrate Judge Hay; her having ordered him not to write any more letters to judicial officers; her having forgotten that she previously ordered daily transcripts for him at government expense; and her having forgotten the reason why the judge previously assigned to his case had disqualified herself.

We will deny the petition for writ of mandamus. Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of (our) . . . jurisdiction and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). To justify the use of this extraordinary remedy, a petitioner must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. See Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992). In addition, "the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the

4

circumstances." In re: Pressman-Gutman Co., Inc., 459 F.3d 383, 399 (3d Cir. 2006) (internal quotations removed). Mandamus will lie to enforce the broad commands of 28 U.S.C. § 455. In re: School Asbestos Litigation, 977 F.2d at 776 ("Section 144 concerns the interests of the individual litigant. Section 455, in contrast, concerns a wider range of interests [including] not only fairness to the litigants but also the public's confidence in the judiciary, which may be irreparably harmed if a case is allowed to proceed before a judge who appears to be tainted.").

Rashid has not shown that he has a clear and indisputable right to the writ or that we should exercise our discretion in his favor. Section 455(a) of title 28 provides that: "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself [or herself] in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(b)(1) provides that a judge shall also disqualify herself where she has "personal knowledge of disputed evidentiary facts concerning the proceeding." Rashid must show that section 455 clearly and indisputably, see Haines, 975 F.2d at 89, requires Judge Rufe's disqualification. If not, we are not required to issue a writ of mandamus directing her to recuse herself. In re: School Asbestos Litigation, 977 F.2d 764, 778 (3d Cir. 1992).

Rashid's allegations against Judge Rufe do not provide a basis for disqualification either because Judge Rufe's impartiality might reasonably be questioned or because she will be needed as a material witness. In denying Rashid's first motion to disqualify, Judge Rufe observed that, at the heart of his allegation of a wrongful indictment, was his assertion that "Postal Inspector Fitzpatrick's November 14, 2007 Affidavit, pursuant to which the government obtained search warrants, is fraudulent because it contained

5

information … Fitzpatrick could not have learned from [Rashid's] client, Robert Kirbyson, until an interview conducted on July 31, 2008." Rashid, 2010 WL 2978038, at *1 n.7. Judge Rufe also noted Rashid's firm belief that the Assistant United States Attorney, Postal Inspector Fitzpatrick, and Magistrate Judge Elizabeth Hay, who issued the warrant, all were conspiring to send him to prison in violation of his constitutional civil rights.

With this background in mind, we are not persuaded by the mandamus petition that Rashid has made the required showing. Judge Rufe's order granting the Government's motion to unseal the search warrant documents is not even an adverse decision, let alone suggestive of bias.[1] Moreover, Rashid offers no legal support for his assertion that Judge Rufe, an Article III judge, lacks jurisdiction to unseal all documents relating to the search of 333 West Johnson Street, which apparently formed some basis for his prosecution at D.C. Crim. No. 08-cr-00493.

The transcript from day 4 of the jury trial, which memorializes Rashid's request for daily transcripts and Judge Rufe's refusal to provide them, shows a respectful willingness on Judge Rufe's part to investigate the basis of Rashid's assertion that daily transcripts had previously been approved. Once Judge Rufe understood the factual basis for Rashid's argument, she willingly considered anew his assertion that he needed to see transcripts on a daily basis. Judge Rufe then gave a reason for denying the request – the expense of daily transcripts – that does not indicate an appearance of bias. Judge Rufe ordered the transcripts to be prepared, but not on an expedited basis because she also

---

[1] Judge Rufe signed a form Order prepared by the Government for the Magistrate Judge and apparently inadvertently failed to cross out the word "Magistrate" – and substitute the word "District" – under the signature line before the word "Judge."

reasoned that they were not necessary.  Judge Rufe's mild display of impatience with Rashid, which occurred in the context of his "misapprehension of what you can do with the transcript on a daily basis if the witness is no longer on the stand," N.T., 7/1/11, at 58, does not show an appearance of bias.  Nor does her failure to remember exactly why the judge previously assigned to the case had recused herself constitute an appearance of bias.

Magistrate Judge Hay, in response to having been subpoenaed, wrote to Rashid, respectfully declining to comply with his request on the ground that he failed to provide a written statement explaining his need for the testimony, as required by the Judicial Conference Regulations.  The judge added that, even if Rashid had complied with the procedural requirements, she would have denied his request because her testimony would have added nothing to the search warrant documents themselves.  Having reviewed Magistrate Judge Hay's response, we conclude that Rashid does not need Judge Rufe's testimony any more than he needs Judge Hay's testimony, because the testimony will add nothing to the search warrant documents themselves.

Rashid responded to Magistrate Judge Hay's letter on May 7, 2010, telling Judge Hay that he had wanted to "get a rise out of you on this matter for almost one (1) year now," and commenting that her approval of the affidavit was "criminal."  See Mandamus Petition, Exhibit "D," at 1.  This letter may reasonably be construed as an attempt to intimidate the Magistrate Judge, and thus any warnings issued by Judge Rufe to Rashid about future conduct that could result in his being held in contempt of court were fair and not evidence of an appearance of bias.

In sum, if the instant mandamus petition persuasively establishes one thing, it is that Judge Rufe disagreed with the vast majority of Rashid's pretrial legal conclusions. There is no evidence of bias in these circumstances.    Liteky v. United States, 510 U.S. 540, 550-51 (1994) (judge is not recusable for bias or prejudice where her knowledge and negative opinion were acquired during the course of proceedings).  See also Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir. 2000) (party's displeasure with legal rulings does not form an adequate basis for recusal).  Moreover, to Judge Rufe's immense credit, in recognition of Rashid's frustration with her numerous adverse decisions, she proceeded expeditiously to give him his day in court, in front of a jury of his peers (who then found him guilty of numerous counts).

We note, in concluding, Rashid's valid concern that Judge Rufe has not acted on any of his post-verdict motions since the last one was filed in December, 2011.  We are confident, however, that once our decision on the instant mandamus petition brings this latest and presumably last attempt to disqualify Judge Rufe to a close, the criminal proceedings below will come to an expeditious end.  Rashid may then pursue any preserved legal arguments concerning the search warrant on appeal.

For the foregoing reasons, we will deny the petition for writ of mandamus.