ALD-275                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1294
_____

UNITED STATES OF AMERICA

v.

AMIN A. RASHID,
                              Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-08-cr-00493-1)
District Judge: Cynthia M. Rufe

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 3, 2016
Before: AMBRO, SHWARTZ, and NYGAARD, Circuit Judges

(Opinion filed: June 7, 2016)
_____

OPINION*
_____

PER CURIAM

        Amin A. Rashid appeals from an order of the District Court denying and

dismissing his motion to dismiss the Superseding Indictment in his criminal case.  For the

reasons that follow, we will summarily affirm.

Rashid was charged by Indictment on August 21, 2008 with two counts of mail fraud, in violation of 18 U.S.C. § 1341, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), (c)(5). On May 28, 2009, a Superseding Indictment charged him with ten counts of mail fraud, eight counts of aggravated identity theft, and one count of forging or counterfeiting postal money orders, in violation of 18 U.S.C. § 500. The mail fraud counts in the Superseding Indictment alleged that Rashid "knowingly caused to be delivered by mail and commercial interstate carrier according to the directions thereon, and placed in a post office or authorized depository for mail matter" ten specific letters. In the aggravated identity theft counts, the Superseding Indictment charged that Rashid "knowingly and without lawful authority transferred, possessed, and used, a means of identification of another person … during and in relation to mail fraud." After a jury trial at which Rashid represented himself, he was found guilty of nine counts of mail fraud and all eight counts of aggravated identity theft. The jury found him not guilty of one count of mail fraud and of forging or counterfeiting postal money orders. After denying Rashid's post-verdict motions, the District Court sentenced him to a total term of imprisonment of 240 months.

On appeal, Rashid contended in his pro se brief that the District Court erred in denying his motions to suppress evidence, motion for recusal, and motion to dismiss the indictment under the Speedy Trial Act. Rashid further contended that the evidence was insufficient to support his convictions for mail fraud, that the prosecutor's statements during closing were not a fair characterization of the evidence, and that the District Court

denied him due process at sentencing.  We rejected these contentions as meritless and affirmed the criminal judgment.  See United States v. Rashid, 593 F. App'x 132 (3d Cir. 2014).  Our mandate issued on January 21, 2015.

On March 3, 2015, Rashid filed a motion in the District Court to dismiss the "jurisdictionally defective" indictment pursuant to current Federal Rule of Criminal Procedure 12(b)(2) ("A motion that the court lacks jurisdiction may be made at any time while the case is pending."), and former Rule 12(b)(3),[1] arguing that the District Court lacked jurisdiction to convict him.  Specifically, Rashid argued that the mail fraud charge in the Superseding Indictment failed to state that he used the "United States mail" or "Postal Service."  He argued that the aggravated identity theft charge failed to state that the identity theft occurred in or affected interstate or foreign commerce, as required by 18 U.S.C. § 1028(c)(3)(A), and/or failed to state that the means of identification was "transported in the mail," as required by § 1028(c)(3)(B).  Rashid further argued that his motion to dismiss the indictment on jurisdictional grounds was not untimely because the time for filing a petition for writ of certiorari had not yet expired when he filed the motion.  For support, he cited our order in United States v. Blood, C.A. No. 08-4101 (3d Cir. April 28, 2009) (Order), where, after the defendant filed a petition for rehearing explaining that his motion to dismiss the indictment was filed before the time for filing a

---

[1] We note that the 2014 amendment relocated Rule 12(b)(3) to Rule 12(b)(2).  See Fed. R. Crim. P. 12 advisory committee's note to 2014 amendment.  Current Rule 12(b)(3) requires that a motion alleging that the indictment "fail[s] to state an offense" be filed pretrial.  Fed. R. Crim. P. 12(b)(3)(B)(v).  Rashid clearly stated his intention to proceed under current Rule 12(b)(2), which concerns whether the District Court "lacks jurisdiction," and which has no time limit other than that the case be "pending."  Fed. R. Crim. P. 12(b)(2).

certiorari petition expired, we concluded that his (former) Rule 12(b)(3) motion was timely filed, withdrew our opinion, and remanded to the District Court for a ruling on the merits of the motion.

The Government responded to Rashid's motion to dismiss the indictment by arguing that it was meritless, and also procedurally frivolous because our mandate had issued and thus his case was no longer "pending," see Fed. R. Crim. P. 12(b)(2), when he filed his motion.

In an order entered on January 25, 2016, the District Court denied and dismissed Rashid's motion. Noting our Order in Bland, but also noting that we had not yet decided in a precedential opinion when a case is no longer "pending" under current Rule 12(b)(2) (or former Rule 12(b)(3)), the District Court reasoned that nothing was pending, that is, "awaiting decision," when Rashid filed his motion to dismiss the indictment on jurisdictional grounds; our mandate had issued and he had not yet file his certiorari petition.[2] Therefore, his motion was untimely filed. The Court in the alternative concluded that the motion was meritless, because "defects in an indictment do not deprive a court of its power to adjudicate," United States v. Cotton, 535 U.S. 625, 630 (2002). Last, the Court concluded that, in any event, Rashid's specific arguments were meritless. The Superseding Indictment was not defective for its failure to use the language "United States mail" or "Postal Service," because the indictment distinguished between "mail" and private "commercial interstate carrier[s]" and thus the reference to

---

[2] On March 30, 2015, and thus after he filed his motion to dismiss the indictment, Rashid filed a petition for a writ of certiorari, which the Supreme Court denied on May 18, 2015.

mail necessarily meant "United States mail." The Court concluded that the Superseding Indictment was not defective for failing to allege that the aggravated identity theft occurred in or affected interstate or foreign commerce, and/or failed to state that the means of identification was "transported in the mail." The Court reasoned that the elements of aggravated identity theft, as set forth in 18 U.S.C. § 1028A, are: (1) the defendant knowingly transferred, possessed, or used a means of identification of another person; (2) the defendant did so without lawful authority; and (3) the defendant did so during and in relation to certain enumerated crimes, including mail fraud, 18 U.S.C. § 1028A(a)(1), (c)(5); and the Superseding Indictment adequately stated those elements. Rashid's argument was flawed, the Court reasoned, because he had relied upon the "interstate commerce" and "transported in the mail" requirements of a different statute, 18 U.S.C. § 1028, and the statute he was alleged to have violated, the aggravated identity fraud statute, 18 U.S.C. § 1028A, contains no such requirements.

Rashid appeals. We have jurisdiction. 28 U.S.C. § 1291. Our Clerk advised the parties that the appeal was subject to summary action under Third Cir. LAR 27.4 and I.O.P. 10.6. Rashid has submitted a motion for summary reversal, and a supplement.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. Rashid argues in his motion for summary reversal that his case was still pending within the meaning of criminal Rule 12(b)(2) because the 90-day period for filing a certiorari petition, see Sup. Ct. R. 13, had not yet expired when he filed his motion. He argues that we should follow Blood and hold that his motion should be considered timely filed. We

5

conclude that we need not resolve the meaning of "pending" here, because, even assuming that a case is "pending" for purposes of Rule 12(b)(2) so long as the time for filing a certiorari petition has not expired, no substantial question is presented by the District Court's alternative determination that Rashid's motion to dismiss the indictment was lacking in merit.[3]  Although we agree with Rashid that the "gist" of mail fraud is the misuse of the United States mail, his argument that the Superseding Indictment is fatally defective because it does not use the words "United States Mail" or U.S. Postal Service" is not persuasive.  The Superseding Indictment distinguished between "mail" and private "commercial interstate carrier[s]," and thus the reference to mail necessarily meant the United States mail.

As to Rashid's second concern, the elements the Government is required to prove in order to convict a defendant of aggravated identity theft are: (1) the defendant knowingly transferred, possessed, or used a means of identification of another person; (2) the defendant did so without lawful authority; and (3) the defendant did so during and in relation to certain enumerated crimes, including mail fraud.  See United States v. Stepanian, 570 F.3d 51, 59 (1st Cir. 2009).  Rashid has cited no authority, and we know of none, for his argument that the aggravated identity theft statute, 18 U.S.C. § 1028A, includes a requirement that the identity theft affect interstate or foreign commerce, and/or

---

[3] For the same reason we also need not decide whether Cotton bars Rashid's Rule 12(b)(2) motion.  Cotton did not concern criminal Rule 12(b)(2), see United States v. Hedaithy, 392 F.3d 580, 589 (3d Cir. 2004), and, although it reversed the holding of Ex parte Bain, 121 U.S.1 (1887), that indictment defects are jurisdictional, Cotton, 535 U.S. at 630, it holds only that forfeited claims of a defect in the indictment -- specifically drug quantities that increased the statutory maximum sentence -- are reviewed for plain error, id. at 631.

that the means of identification be "transported in the mail." The not precedential decision he cites in his motion for summary reversal, United States v. Agarwal, 314 F. App'x 473 (3d Cir. 2008), along with a case from another circuit, United States v. Sutton, 13 F.3d 595, 599 (2d Cir. 1994), involve a different statute, 18 U.S.C. § 1028, which criminalizes the production, transfer and possession of false identification documents. Rashid was charged with violating the aggravated identity theft statute, 18 U.S.C. § 1028A. United States v. Savarese, 686 F.3d 1, 7 (1st Cir. 2012), on which Rashid also relies, notes the language used in the defendant's indictment but does not hold that 18 U.S.C. § 1028A includes a requirement that the identity theft affect interstate or foreign commerce, and/or that the means of identification be "transported in the mail."

For the foregoing reasons, we will summarily affirm the order of the District Court to the extent that the Court dismissed and denied Rashid's motion to dismiss the Superseding Indictment pursuant to Fed. R. Crim. P. 12(b)(2) for lack of jurisdiction.[4]

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

---

[4] In addition to denying Rashid's Rule 12(b)(2) motion to dismiss the indictment with prejudice, the District Court stated that its denial of the motion was without prejudice to Rashid's right to file a motion to vacate sentence pursuant to 28 U.S.C. § 2255. We express no view about this aspect of the District Court's order because the issue is not before us. "Ordinarily, only a party *aggrieved* by a judgment or order of a district court may exercise the statutory right to appeal therefrom." Deposit Guaranty National Bank v. Roper, 445 U.S. 326, 333 (1980) (emphasis added).