ALD-365                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1653
_____

AMIN A. RASHID,
                                        Appellant

v.

WARDEN PHILADELPHIA FDC
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-15-cv-00274)
District Judge: Cynthia M Rufe

_____

Submitted for Possible Dismissal under 28 U.S.C. § 1915(e)(2) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 28, 2016
Before:  AMBRO, SHWARTZ and NYGAARD, Circuit Judges

(Opinion filed: August 3, 2016)
_____

OPINION*
_____

PER CURIAM

        Appellant Amin A. Rashid appeals from an order of the District Court dismissing

his petition for writ of habeas corpus, 28 U.S.C. § 2241, for lack of jurisdiction.  For the

reasons that follow, we will summarily affirm.

*This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute
binding precedent.

Rashid was charged by Indictment on August 21, 2008 with two counts of mail fraud, in violation of 18 U.S.C. § 1341, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), (c)(5). On May 28, 2009, a Superseding Indictment charged him with ten counts of mail fraud, eight counts of aggravated identity theft, and one count of forging or counterfeiting postal money orders, in violation of 18 U.S.C. § 500. A jury found Rashid guilty of nine counts of mail fraud and all eight counts of aggravated identity theft, and not guilty of one count of mail fraud and of forging or counterfeiting postal money orders. In a Judgment entered on July 24, 2013, the District Court sentenced Rashid to a total term of imprisonment of 240 months.[1] We affirmed on November 25, 2014, see United States v. Rashid, 593 F. App'x 132 (3d Cir. 2014). The United States Supreme Court denied certiorari on May 18, 2015.

Meanwhile, on January 20, 2015, Rashid filed a petition for writ of habeas corpus, 28 U.S.C. § 2241, in the United States District Court for the Eastern District of Pennsylvania, the district where he is confined, claiming that he is actually innocent of a 1980 District of Oregon conviction for interstate transportation of stolen property, in violation of 18 U.S.C. 2314, that was used to enhance his 2013 Eastern District of Pennsylvania sentence. He argued that, because he was acquitted of a charge of mail fraud in the 1980 trial, it was inconsistent and improper to find him guilty of interstate

---

[1] The United States Probation Office determined that Rashid had a criminal history category of III, making his advisory Guidelines imprisonment range 108 to 135 months before application of the mandatory consecutive sentences for his identity theft convictions under 18 U.S.C. § 1028A. For Rashid's eight convictions under § 1028A, the Government argued that 24 months should be added to the low end of the range and that eight 24-month terms should be added to the high end of the range, producing a final advisory Guidelines range of 132 to 327 months.

transportation of money taken by fraud, and thus improper for the District Court to have enhanced his 2013 sentence based on this prior conviction. Rashid sought to have both the enhancement and the allegedly wrongful 1980 conviction vacated. Shortly after filing his petition, Rashid filed a motion to disqualify the District Court for personal bias pursuant to 28 U.S.C. § 455(a). The Court denied the motion on the ground that Rashid had cited no evidence of an extrajudicial source of bias or of any action by the Court demonstrating personal bias. The Government then responded in opposition to the § 2241 petition, arguing that jurisdiction was lacking.

In an order entered on January 22, 2016, the District Court dismissed the § 2241 petition for lack of jurisdiction. The Court held that, because Rashid had already served the District of Oregon sentence, he was no longer "in custody" and thus the Court was without jurisdiction to vacate the 1980 sentence and conviction. The Court further held that Rashid could not resort to a § 2241 petition to challenge the enhancement to his 2013 Eastern District of Pennsylvania sentence because he still had the opportunity to file a timely motion to vacate sentence, 28 U.S.C. § 2255, to challenge that sentence; he therefore failed to demonstrate that the remedy available to him under § 2255 is inadequate or ineffective.

Rashid filed a timely motion for reconsideration and then a timely notice of appeal, resulting in the instant appeal. The appeal was stayed, Fed. R. App. P. 4(a)(4)(A), pending disposition of the reconsideration motion. On April 4, 2016, and thus more than 28 days after the entry of judgment, see Fed. R. Civ. P. 59(e), Rashid filed a motion to reopen seeking the District Court's disqualification. The Government

3

responded in opposition to the motion to reopen and asked the District Court to enjoin

Rashid from future filings in both the instant action and his criminal case, D.C. Crim. No.

08-cr-00493, arguing that he was engaging in abusive and vexatious litigation.  On May

25, 2016, Rashid filed his § 2255 motion in his criminal case; it was signed and dated

May 16, 2016.

In an order entered on June 21, 2016, the District Court denied Rashid's motion

for reconsideration as meritless, denied his motion to reopen seeking disqualification as

meritless, and denied the Government's motion to enjoin Rashid from filing anything

further in his § 2241 case as moot.[2]  Rashid did not file an amended notice of appeal

seeking review of this order nor did he appeal the denial of his motion to reopen seeking

disqualification.

We have jurisdiction under 28 U.S.C. § 1291 to review the District Court's order

dismissing Rashid's § 2241 petition and interlocutory order denying his motion for

disqualification.[3]  Our Clerk granted Rashid leave to appeal in forma pauperis and

---

[2] The District Court granted the Government's motion with respect to Rashid's criminal
case.  The Court found that he had engaged in vexatious and abusive litigation, including
filing numerous motions seeking to relitigate issues that had already been decided,
multiple non-meritorious motions to recuse, thirty post-trial motions, and fourteen non-
meritorious challenges to the indictment, among other findings.  The Court thus enjoined
him from filing any further challenges, except for items related to his recently filed §
2255 motion, without prior approval from the Court.  The propriety of this injunction,
imposed in Rashid's criminal case, is not before us.

[3] Although the District Court's order denying the motion for reconsideration is the final
order, we lack jurisdiction to review it because Rashid did not appeal it and the order did
not decide new issues not covered by the District Court's January 22, 2016 Order.  Fed.
R. App. Pro. 4(a)(4)(B)(ii); Carrascosa v. McGuire, 520 F.3d 249, 253-54 (3d Cir. 2008).
We lack jurisdiction to review Rashid's post-judgment motion to reopen seeking

advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. He has submitted written argument in support of the appeal, citing our decision in United States v. Tyler, 732 F.3d 241 (3d Cir. 2013), which we have considered.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. The District Court properly dismissed Rashid's § 2241 petition for lack of jurisdiction. A motion to vacate sentence under 28 U.S.C. § 2255 is the presumptive means for a federal prisoner to challenge the validity of his conviction or sentence, see Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), after he has completed his direct appeal. When Rashid filed this § 2241 petition, he had not yet filed a § 2255 motion challenging his Eastern District of Pennsylvania conviction and sentence. In certain limited circumstances, a petitioner may seek relief under § 2241 if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention, see In re: Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997), but § 2255 is not inadequate or ineffective where the petitioner still has the opportunity to file a timely § 2255 motion that is neither second nor successive. Following the District Court's decision, Rashid filed his § 2255 motion, which remains pending. He therefore has failed to show that § 2255 is inadequate or ineffective to test the legality of his detention pursuant to the Eastern District of Pennsylvania conviction and sentence. Tyler does not support jurisdiction under the

---

disqualification, a motion that did not toll the time for taking an appeal, Fed. R. App. P. 4(a)(4)(A)(vi); Rashid must separately appeal that order and he has not done so.

5

circumstances presented here. 732 F.3d at, 245 n.2, 246 (§ 2255 petition is inadequate when petitioner asserts a claim of actual innocence but is *otherwise barred* from challenging legality of conviction under § 2255).

The District Court also properly determined that it was without § 2241 jurisdiction to vacate Rashid's 1980 District of Oregon sentence and conviction. A prisoner may seek federal habeas corpus relief only if he is in custody in violation of the United States Constitution or federal law. Maleng v. Cook, 490 U.S. 488, 490-91 (1989). If a sentence has fully expired, the petitioner is no longer "in custody;" the petitioner satisfies the custody requirement only by directly attacking a sentence he is serving at the time he files his petition. Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401-02 (2001). Rashid must rely on 28 U.S.C. § 2255 to attack the sentence he is currently serving.

Last, we summarily affirm the District Court's interlocutory order denying Rashid's motion for recusal; that motion was frivolous.

For the foregoing reasons, we will summarily affirm the order of the District Court dismissing Rashid's § 2241 petition for lack of jurisdiction and interlocutory order denying his motion for recusal.