CLD-035                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3424
_____

AMIN A. RASHID,
                                        Appellant

v.

WARDEN PHILADELPHIA FDC
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-15-cv-00274)
District Judge: Cynthia M. Rufe

_____

Submitted for Possible Dismissal under 28 U.S.C. § 1915(e)(2) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 3, 2016

Before: FISHER, SHWARTZ and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 14, 2016)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Amin A. Rashid appeals from an order of the District Court denying his motion for reconsideration and motion to reopen seeking to disqualify the District Judge. For the reasons that follow, we will summarily affirm.

Rashid was charged by Indictment on August 21, 2008 with two counts of mail fraud, in violation of 18 U.S.C. § 1341, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), (c)(5). On May 28, 2009, a Superseding Indictment charged him with ten counts of mail fraud, eight counts of aggravated identity theft, and one count of forging or counterfeiting postal money orders, in violation of 18 U.S.C. § 500. A jury found Rashid guilty of nine counts of mail fraud and all eight counts of aggravated identity theft, and not guilty of one count of mail fraud and of forging or counterfeiting postal money orders. In a Judgment entered on July 24, 2013, the District Court sentenced Rashid to a total term of imprisonment of 240 months. We affirmed on November 25, 2014, see United States v. Rashid, 593 F. App'x 132 (3d Cir. 2014). The United States Supreme Court denied certiorari on May 18, 2015.

Meanwhile, on January 20, 2015, Rashid filed a petition for writ of habeas corpus, 28 U.S.C. § 2241, in the United States District Court for the Eastern District of Pennsylvania, the district where he is confined, claiming that he is actually innocent of a 1980 District of Oregon conviction for interstate transportation of stolen property, in violation of 18 U.S.C. 2314, that was used to enhance his 2013 Eastern District of Pennsylvania sentence. He argued that, because he was acquitted of a charge of mail fraud in the 1980 trial, it was inconsistent and improper to find him guilty of interstate transportation of money taken by fraud, and thus improper for the District Court to have enhanced his 2013 sentence based on this prior conviction. Rashid sought to have both

2

the enhancement and the allegedly wrongful 1980 conviction vacated. Shortly after filing his petition, Rashid filed a motion to disqualify the District Judge for personal bias pursuant to 28 U.S.C. § 455(a). The District Court denied the motion to disqualify, and then the Government responded in opposition to the § 2241 petition, arguing that jurisdiction was lacking.

In an order entered on January 22, 2016, the District Court dismissed the § 2241 petition for lack of jurisdiction. The Court held that, because Rashid had already served the District of Oregon sentence, he was no longer "in custody" for habeas corpus purposes, and thus the Court was without jurisdiction to vacate the 1980 sentence and conviction. The Court further held that Rashid could not resort to a § 2241 petition to challenge the enhancement to his 2013 Eastern District of Pennsylvania sentence because he still had the opportunity to file a timely motion to vacate sentence, 28 U.S.C. § 2255, to challenge that sentence; he therefore failed to demonstrate that the remedy available to him under § 2255 is inadequate or ineffective.

Rashid filed a timely motion for reconsideration and then a timely notice of appeal, resulting in the appeal docketed at C.A. No. 16-1653. The appeal was stayed, Fed. R. App. P. 4(a)(4)(A), pending disposition of the reconsideration motion. On April 4, 2016, Rashid filed a post-judgment motion to reopen seeking again to disqualify the District Judge. The Government responded in opposition to the motion to reopen and asked the District Court to enjoin Rashid from future filings in the instant action, arguing that he was engaging in abusive and vexatious litigation.

In an order entered on June 21, 2016, and as is relevant to the instant appeal, the District Court denied Rashid's motion for reconsideration as meritless, denied his motion

3

to reopen seeking disqualification as meritless, and denied the Government's motion to enjoin Rashid from filing anything further in his § 2241 case as moot.

On August 3, 2016, we summarily affirmed the District Court's order dismissing Rashid's § 2241 petition for lack of jurisdiction and interlocutory order denying his motion to disqualify the District Judge, see Rashid v. Warden Philadelphia FDC, --- F. App'x ---, 2016 WL 4123854 (3rd Cir. August 3, 2016). In the margin we advised Rashid to separately appeal the District Court's order entered on June 21, 2016, denying his motion for reconsideration and his post-judgment motion to reopen seeking disqualification, id. at *2 n.3. On August 15, 2016, Rashid timely appealed the order entered on June 21, 2016, resulting in the instant appeal.

We have jurisdiction under 28 U.S.C. § 1291. Our Clerk granted Rashid leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary action under Third Cir. LAR 27.4 and I.O.P. 10.6. He has submitted written argument in support of the appeal, which we have considered.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. The District Court properly denied Rashid's motion for reconsideration of the order dismissing his § 2241 petition for lack of jurisdiction because he did not demonstrate an intervening change in the law, new evidence, or the need to correct a clear error of law that would warrant reconsideration of the dismissal. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). The District Court properly denied Rashid's post-judgment motion to reopen seeking to disqualify the District Judge, as that

motion was frivolous.  See generally United States v. Rashid, 593 F. App'x 132, 135 (3d Cir. 2014) ("[T]here is no extrajudicial source demonstrating bias beyond the judicial rulings in the case .... [and] none of Judge Rufe's actions demonstrate any personal bias."), cert. denied, 135 S. Ct. 2340 (2015).

For the foregoing reasons, we will summarily affirm the order of the District Court denying Rashid's motion for reconsideration and denying his post-judgment motion to reopen seeking to disqualify the District Judge.  The Clerk of the District Court is directed to file and docket Rashid's August 15, 2016 Notice of Appeal, see Docket Entry No. 24, D.C. Civ. No. 15-cv-00274), in his criminal case.  That notice of appeal, in addition to referencing this civil action, also references Rashid's criminal case, D.C. Crim. No. 08-cr-00493, and in it, Rashid seeks review of the District Court's order entered on June 21, 2016 to the extent that the Court, in addition to denying the two motions at issue in this appeal, also denied his Motion to Reopen Motion for Sanctions Against the Government Due to Prosecutorial Misconduct (Docket Entry No. 493, D.C. Crim. No. 08-cr-00493), and granted the Government's Motion to Limit his Future Filings in his criminal case (Docket Entry No. 492, D.C. Crim. No. 08-cr-00493).