BLD-349                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2876
_____

IN RE:  AMIN A. RASHID,
                                                              Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to 2:08-cr-00493-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 7, 2017

Before:  AMBRO, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Opinion filed:  October 19, 2017)
_____

OPINION*
_____

PER CURIAM

Amin Rashid, a federal prisoner proceeding pro se, has filed a petition for a writ of

mandamus seeking the disqualification of United States District Judge Cynthia Rufe.  For

the reasons that follow, we will deny the mandamus petition.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In 2008, Rashid was charged by indictment with two counts of mail fraud and one count of aggravated identity theft. In 2009, a superseding indictment charged him with ten counts of mail fraud, eight counts of aggravated identity theft, and one count of forging or counterfeiting postal money orders. Prior to trial, Rashid filed a motion for recusal pursuant to 28 U.S.C. § 144 and a motion for disqualification pursuant to 28 U.S.C. § 455. Both motions were denied by the District Court. Rashid subsequently filed mandamus petitions seeking to disqualify Judge Rufe. We denied relief. See In re Rashid, 400 F. App'x 641 (3d Cir. 2010) (non-precedential); In re Rashid, 488 F. App'x 541 (3d Cir. 2012) (non-precedential). Rashid was convicted of nine counts of mail fraud and eight counts of aggravated identity theft and sentenced to a total of 240 months in prison. We affirmed Rashid's convictions on appeal. United States v. Rashid, 593 F. App'x 132 (3d Cir. 2014) (non-precedential).

In 2015, Rashid filed a motion in District Court to dismiss his "jurisdictionally defective" indictment pursuant to current Federal Rule of Criminal Procedure 12(b)(2). The District Court denied and dismissed Rashid's motions and we summarily affirmed. United States v. Rashid, 654 F. App'x 54 (3d Cir. 2016) (non-precedential). Meanwhile, Rashid filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Rashid sought to have a 1980 conviction vacated and also sought to have Judge Rufe disqualified from ruling on his petition. The District Court denied his motion for disqualification and dismissed the § 2241 petition for lack of jurisdiction. We summarily affirmed,

determining, inter alia, that Rashid's motion for recusal was frivolous. Rashid v. Warden Philadelphia FDC, 658 F. App'x 636 (3d Cir. 2016) (non-precedential).

In 2016, Rashid filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. The District Court denied Rashid's motion to vacate sentence without a hearing. On August 17, 2017, shortly after his § 2255 motion was denied, Rashid filed a petition for writ of mandamus, the matter presently before the Court. Rashid again seeks to have Judge Rufe disqualified. To the extent Rashid raises allegations that are identical to those we have previously rejected, we will not consider them. See In re City of Philadelphia Litig., 158 F.3d 711, 718 (3d Cir. 1998) (explaining the law-of-the-case doctrine); see also In re Fisher, 640 F.3d 645, 650 (5th Cir. 2011) (applying the law-of-the-case doctrine); United States v. Dean, 752 F.2d 535, 541 (11th Cir. 1985).

Rashid's new claim relates to Judge Rufe's failure to hold an evidentiary hearing on his motion to vacate. Rashid argues that an evidentiary hearing was required because the record established perjury by a government witness. Rashid further asserts that Judge Rufe refused to follow the law of this Court when she denied his claim that the Government failed to establish that he used or caused to be used the United State mail as opposed to a private courier service.

A writ of mandamus is an extraordinary remedy. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). To justify the use of this extraordinary remedy, a petitioner must show that he has a clear and indisputable right to the writ and no other adequate means to obtain the relief desired. See Haines v. Liggett Grp. Inc., 975 F.2d 81, 89 (3d

Cir. 1992). Notably, mandamus is not a substitute for an appeal. See Cheney v. U.S. Dist. Court, 542 U.S. 367, 380-81 (2004). That is, a court will not issue a writ of mandamus where the petitioner "could readily have secured review of the ruling complained of and all objectives now sought, by direct appeal." Helstoski v. Meanor, 442 U.S. 500, 506 (1979). Rashid has not shown that his complaints regarding the District Court's rulings during his § 2255 proceedings cannot be addressed on appeal. Accordingly, he has not met the standard for mandamus relief.

Finally, Rashid argues that the District Court's rulings demonstrate that Judge Rufe is biased. Our mandamus authority includes the power to order a District Court to recuse in accordance with 28 U.S.C. § 455. See In re Antar, 71 F.3d 97, 101 (3d Cir. 1995). However, there is no reason to do so here as Rashid's arguments regarding Judge Rufe's impartiality amount to nothing more than disagreements with her rulings. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). Rashid also asserts that Judge Rufe has personal knowledge of the facts of proceeding which are not of record. The example he points to, however, is based on the record. See Rashid, 593 F. App'x at 133 (explaining that witness Kirbyson was interviewed on November 2, 2007, and again on July 31, 2008). Accordingly, Rashid has not provided a basis for Judge Rufe's disqualification.

For the foregoing reasons, we will deny the petition for a writ of mandamus.