BLD-031                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2900
_____

IN RE:  AMIN A. RASHID,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 2-08-cr-00493-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 18, 2021
Before:  MCKEE, GREENAWAY, JR., and PORTER, Circuit Judges

(Opinion filed December 9, 2021)
_____

OPINION[*]
_____

PER CURIAM

Amin A. Rashid, a federal prisoner proceeding pro se, seeks a writ of mandamus

to compel the District Judge to recuse herself from his criminal case.  For the reasons that

follow, we will deny the petition.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 2009, Rashid was charged with numerous offenses arising from a scheme to defraud clients hoping to prevent or reverse sheriff's sales of their homes. Before trial, Rashid made several attempts to remove the presiding judge, District Judge M. Cynthia Rufe, from his case. All of his efforts were unsuccessful. See, e.g., In re Rashid, 400 F. App'x 641 (3d Cir. 2010) (non-precedential); In re Rashid, 488 F. App'x 541 (3d Cir. 2012) (non-precedential). In 2011, a jury found Rashid guilty of several counts of mail fraud and identity theft. He was sentenced to 240 months of imprisonment. We affirmed the convictions and sentences. United States v. Rashid, 593 F. App'x 132, 133 (3d Cir. 2014) (not precedential).

In 2016, Rashid filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. While the petition was pending, the District Court imposed a filing injunction ordering Rashid to seek leave of court before filing any additional pleadings. The District Court denied the § 2255 motion. Rashid then filed another mandamus petition seeking to remove Judge Rufe from his case. We denied relief. In re Rashid, 699 F. App'x 124 (3d Cir. 2017) (non-precedential).

Rashid returned to the District Court and filed a motion pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure, arguing that the District Court erred in denying his § 2255 motion without an evidentiary hearing. The District Court dismissed the motion because Rashid had not complied with the filing injunction. Rashid did not

2

appeal.  We later denied Rashid's request for a certificate of appealability relating to the § 2255 proceedings.  In re Rashid, C.A. No. 17-2999 (order entered Jun. 19, 2018).

Now, Rashid again asks us to compel Judge Rufe to recuse.  He asserts that, in denying his Rule 60(b)(4) motion, she engaged in a conspiracy to protect the Government and also misrepresented the procedural history of his criminal case.

To warrant mandamus relief, a petitioner must show that he has a clear and indisputable right to the writ and no other adequate means to obtain the relief desired. See Haines v. Liggett Grp. Inc., 975 F.2d 81, 89 (3d Cir. 1992).  Thus, a court will not issue a writ of mandamus where the petitioner "could readily have secured review of the ruling complained of and all objectives now sought, by direct appeal."  Helstoski v. Meanor, 442 U.S. 500, 506 (1979); see also Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996) ("A petitioner seeking [the writ] must have no other adequate means to obtain the desired relief[.]").  Rashid has not shown that his complaints regarding the District Court's adjudication of his Rule 60(b)(4) motion could not be addressed on appeal.

Furthermore, to the extent that Rashid asserts that Judge Rufe is biased, we have reviewed the record and conclude that his allegations amount to nothing more than disagreements with her rulings.  See Liteky v. United States, 510 U.S. 540, 555 (1994) ((("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

Accordingly, we will deny the petition for a writ of mandamus.

3