MICHAEL E. KIRBY, Judge.
hln this juvenile matter, the defendant, C.R.[1], appeals the August 2, 2006 judgment of Juvenile Court, finding probable cause on a charge of armed robbery, and transferring C.R. to Criminal District Court pursuant to La. Ch.C. article 305(B).[2]
On July 30, 2006, C.R. was arrested without a warrant and charged with armed robbery. The case was set for a probable cause and transfer hearing on August 1, *245 2006. On that date, the court, on its own motion, continued the hearing to the following day, August 2, 2006. On August 2, 2006, C.R. appeared in Juvenile Court, and a hearing on probable cause and transfer to Criminal District Court pursuant to La. Ch.C. article 305(B) was held. Following the hearing, the |2trial court found that probable cause existed for C.R.’s arrest on a charge of armed robbery, and ordered that C.R. be transferred to Criminal District Court for a decision by the Orleans Parish District Attorney’s Office as to whether or not to prosecute C.R. as an adult. The court further ordered that C.R. be remanded pending further hearing.
C.R.’s arguments on appeal are based on his contention that La. Ch.C. 814(D) was violated in this case because he was detained for more than forty-eight hours before a determination of probable cause was made. Specifically, C.R. alleges that the trial court erred in hearing a motion for transfer pursuant to La.Ch.C. article 305(B) and in determining probable cause when more than forty-eight hours elapsed between the time of the hearing and C.R.’s arrest. Furthermore, C.R. alleges that defense counsel at the hearing was ineffective in that counsel failed to raise the issue of the alleged violation of C.R.’s rights under La.Ch.C. article 814(D) at the hearing.
La.Ch.C. article 814 sets forth the procedures to be followed when a child is taken into custody without a warrant. Section D of La. Ch.C. article 814 states as follows:
The officer shall immediately execute a written statement of facts, sworn to before an officer authorized by law to administer oaths, supporting the existence of probable cause to believe either that the child committed a delinquent act or that the child has violated the terms of his probation or otherwise has violated the terms of his release. This affidavit shall be submitted to the juvenile court. Within forty-eight hours after the child has been taken into custody, including legal holidays within the time computation, the court shall review the affidavit and |aif it determines that probable cause exists, the child shall be held for a continued custody hearing pursuant to Article 819. If the court determines that probable cause does not exist, the child shall be released from custody.
In this case, it is important to emphasize that the probable cause and transfer hearing that was originally scheduled for August 1, 2006 was continued on the trial court’s own motion without objection from defense counsel and held on the following day, August 2, 2006. Therefore, although the determination of probable cause did not occur within forty-eight hours of arrest as required by La. Ch.C. article 814(D), this determination was delayed by only one day.
La. Ch.C. article 814(D) does not specify a remedy for the failure to hold a probable cause hearing within forty-eight hours from the time a child is taken into custody. The article states that a child shall be released from custody if the court finds that probable cause does not exist, but the article does not address the specific situation of the failure to determine probable cause within forty-eight hours after arrest.
C.R. relies upon the case of County of Riverside v. McLaughlin, 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991), which establishes that an arrested individual must receive a probable cause determination within forty-eight hours of arrest unless a bona fide emergency or other extraordinary circumstances exists in order to minimize the time a presumptively innocent individual spends in jail. While that case addresses the issue of release from *246 custody as the remedy for probable cause not being determined within forty-eight hours of arrest, it does not hold that the failure to receive a probable cause determination within that time frame prevents the court from determining probable cause at a later date.
^Although the probable cause/transfer hearing in this matter was not held within the time limit set forth in La. Ch.C. article 814(D), we find no merit in C.R.’s contention that the failure to adhere to this time limit should result in a reversal of the court’s subsequent finding of probable cause on August 2, 2006. La. Ch.C. article 814(D) does not provide for such a remedy, and we do not find such a remedy to be reasonable given the circumstances of this case.
Furthermore, the time to raise the issue of release from custody based on an alleged violation of La. Ch.C. 814(D) was at the August 1, 2006 hearing at which the trial court on its own motion continued the probable cause and transfer hearing to the next day. After probable cause was determined on August 2, 2006, the issue of release from custody pursuant to La. Ch.C. 814(D) became moot.
It is undisputed that defense counsel did not raise the issue of release from custody or make an objection based on a violation of the forty-eight hour rule of La. Ch.C. article 814(D) at the August 1, 2006 hearing. In general, a defendant asserting an ineffective assistance of counsel claim must demonstrate that counsel’s performance was deficient and also that this deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In this case, even though the probable cause hearing was not held within forty-eight hours after arrest and counsel did not object to the failure to hold the hearing within that time frame, a determination of probable cause was made on the third day following C.R.’s arrest. Given the fact that only one additional day elapsed before a probable cause determination was made, we cannot say that the failure of defense counsel to raise an objection based on a violation of La. Ch. C. article 814(D) rendered counsel ineffective.
|sThe trial court found probable cause for C.R.’s arrest on the charge of armed robbery after a full adversarial hearing, and defense counsel objected at that hearing to the transfer of C.R. to Criminal District Court. Even if defense counsel had timely objected to the continuance of the hearing beyond the forty-eight hour time limit and secured C.R.’s release from custody on August 1, 2006, this would not have prevented the trial court from holding the hearing on August 2, 2006, finding probable cause and ordering C.R.’s transfer to Criminal District Court. Therefore, we find no merit in C.R.’s claim of ineffective assistance of counsel.
For the reasons stated above, we affirm the August 2, 2006 judgment of the Juvenile Court.
AFFIRMED.

. In accordance with Uniform Rules — Courts of Appeal, Rule 5-2, we will refer to the juvenile defendant by his initials.

. La. Ch.C. article 305(B), relative to divestiture of juvenile court jurisdiction, states, in pertinent part:
(1) When a child is fifteen years of age or older at the time of the commission of any of the offenses listed in Subparagraph (2) of this Paragraph, he is subject to the exclusive jurisdiction of the juvenile court until whichever of the following occurs first:
(a) An indictment charging one of the offenses listed in Subparagraph (2) of this Paragraph is returned.
(b) The juvenile court holds a continued custody hearing and finds probable cause that the child has committed any of the offenses listed in Subparagraph (2) of this Paragraph and a bill of information charging any of the offenses listed in Subparagraph (2) of this Paragraph is filed.
[[Image here]]
(2)(d) Armed robbery