STATE OF LOUISIANA IN          *          NO. 2021-C-0141
THE INTEREST OF L.R.
                               *
                                          COURT OF APPEAL
                               *
                                          FOURTH CIRCUIT
                               *
                                          STATE OF LOUISIANA
                    * * * * * * *


APPLICATION FOR WRITS DIRECTED TO
JUVENILE COURT ORLEANS PARISH
NO. 2019-093-01-DQ-E/C, SECTION "C"
Honorable Candice Bates Anderson, Judge
* * * * * *
**Judge Regina Bartholomew-Woods**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins, Judge Regina Bartholomew-Woods)

**LOBRANO, J., DISSENTS WITH REASONS TO FOLLOW**

Ralph E. Brandt, Jr.
10125 Gail Court
River Ridge, LA 70123

        COUNSEL FOR RELATOR

Radah Yerramilli
LOUISIANA CENTER FOR CHILDRENS RIGHTS
1100-B Milton St.
New Orleans, LA 70122

        COUNSEL FOR RESPONDENT/DEFENDANT

Jason Rogers Williams
District Attorney
G. Benjamin Cohen
Assistant District Attorney
ORLEANS PARISH DISTRICT ATTORNEY'S OFFICE
619 S. White Street
New Orleans, LA 70119

        COUNSEL FOR RESPONDENT/STATE OF LOUISIANA

                    **WRIT GRANTED, RELIEF DENIED; STAY LIFTED**
                                        **March  25, 2021**

*RBW*

The issue before this Court, is the extent of a victim's right to be heard in a juvenile court proceeding: specifically, whether the victim of a delinquent act has standing to petition or motion a juvenile court to act. This case presents a *res nova* issue for the courts of Louisiana.

### Factual/Procedural Background

On March 26, 2019, L.R. shot D.S. ("the victim")[1] during the course of an armed robbery. Tragically, the victim was paralyzed as a result of the shooting and has been confined to a wheelchair. The victim's grandmother, serves as his caretaker.

On July 2, 2019, the juvenile court adjudicated L.R. delinquent for violations of La. R.S 14:(27)30.1, attempted 2nd degree murder; La. R.S. 14:64, armed robbery; La. R.S. 14: 94(F), illegal use of a weapon; and La. R.S. 14:95.8, illegal possession of a handgun by a juvenile. The juvenile court placed him in the secure

---

[1] Pursuant to our custom and in the interest of preserving the anonymity of the juvenile defendant and his victim who is also a juvenile, we will refer to them by their initials. *State ex rel. C.R.*, 2007-0233 (La. App. 4 Cir. 1/16/08), 976 So. 2d 243, 244 n.1.

care of the Office of Juvenile Justice until he turns twenty-one (21) years old for a full-term date of April 5, 2026. The juvenile court allowed for the possibility of an earlier release at the age of seventeen (17) if L.R. obtained his high school diploma, learned two trades, and had minimal code of conduct violations.

On November 12, 2020, through L.R.'s (then) attorney, Tenee Felix, Esq., L.R. filed a motion to modify disposition. The State of Louisiana ("the State") opposed the modification. A hearing on the motion was initially set for November 16, 2020, but was rescheduled and held on February 22, 2021. Prior to the February 22nd hearing, Attorney Felix was hired as the Chief of the Juvenile Division for the Orleans Parish District Attorney's Office, and had withdrawn from representing L.R. Radha Yerramilli, Esq., became L.R.'s new attorney.

At the February 22, 2021 hearing, the victim filed a "Motion to Recuse the District Attorney's Office" on the following grounds: (1) conflict of interest of Atty. Felix because she was formerly L.R.'s attorney during the adjudication proceeding and now serves as Chief of the Juvenile Division for the Orleans Parish District Attorney's Office and (2) conflict of interest of Riley Connick, an advocate for L.R. because he joined the newly elected District Attorney, Jason Williams's, transition team. The juvenile court recognized the victim's right to retain counsel and be present at the modification hearing, but denied the victim's motion due to lack of standing of a victim to file and make an appearance in a juvenile court proceeding, post-adjudication. The juvenile court noted the victim's objection and notice of intent to seek a writ and request for stay. The juvenile court denied the victim's stay request.

The court reset the hearing regarding the "Motion to Modify" to March 18, 2021.

On Friday, February 26, 2021, the victim filed: "Notice of Intent to Seek Supervisory Writs;" "Request for Preparation of the Transcript for the Writ;" Motion to Preserve a Digital Copy of the Zoom Hearing of February 22, 2021;" and "Motion for Stay of Proceedings." All were denied by the juvenile court due to a lack of standing.

On March 15, 2021, the victim sought emergency supervisory writ review with this Court. On March 17, 2021, this Court issued an order staying the proceeding in this matter.

## Issue for Review

The victim seeks review of the following issue:

Whether a lawyer can intervene in a juvenile proceeding as a third party on behalf of a victim or victim's family member, in order to vitiate the jurisdiction of the district attorney to exercise Article 61 authority over cases within its jurisdiction.

This Court's review shall focus on the stated issues of the victim's standing to intervene in juvenile/criminal cases and the potential recusal of the Orleans Parish District Attorney's Office due to conflict of interest. While there may be questions regarding the victim's options for invoking his rights, how the juvenile court should proceed when the rights are invoked, and who may invoke those rights on behalf of the victim; these issues are not before this Court, and any opinion offered on these issues would be advisory. "It is well established that appellate courts will not render advisory opinions from which no practical results can follow." *Whitney Nat. Bank of New Orleans v. Poydras Ctr. Associates*, 468 So.2d 1246, 1248 (La. App. 4th Cir. 1985).

## Jurisdiction

3

The victim's Notice of Intent to Seek Supervisory Writs was denied by the juvenile court and no return date was set; therefore, the victim's application for supervisory writ lacks a signed order. An application for writs must contain documentation of the return date, and "any application that does not contain this documentation *may* not be considered by the appellate court." La. Unif. R. Ct. App. 4-3 (emphasis added). The use of the permissive "may" does not prohibit this Court from exercising supervisory jurisdiction. When a relator makes a timely and genuine attempt to obtain the judge's signature on the order seeking review, the supervisory court should not refuse to consider writ.[2]

In the instant case, the victim timely noticed the juvenile court of his intention to seek supervisory review and filed his motion in a genuine attempt to obtain a signed order. The *res nova* issue of a victim's standing to intervene in a post-adjudication juvenile court proceeding raised by the victim's motion is of such importance that this Court is compelled to consider the instant writ.

**Analysis**

*Victim's Right to Be Heard*

A victim of a crime has a constitutional right to be present at all critical stages of a trial including pre- and post-conviction proceedings. La. Const. Ann. art. I, § 25. The Louisiana Children's Code extends these rights to victims of delinquent acts:

> …
> (9) The victim or the family of the victim shall have the
> right to retain counsel to confer with law enforcement

---

[2] *City of New Orleans v. Benson*, 95-2436 p. 4 (La. App. 4 Cir. 12/14/95), 665 So. 2d 1202, 1204 (wherein supervisory review was granted even though the trial judge had not signed the order because the motion was untimely); *In re Gramercy Plant Explosion at Kaiser*, 06-555, 2006 WL 8453927 at *1 (La. App. 5 Cir. 7/1/06) (wherein supervisory review was granted even though the trial judge refused to sign the order).

and judicial agencies on the disposition of the victim's case....

(10) If requested, the victim of a violent felony-grade offense and the designated member of the victim's family in the case of homicide or injury to a minor shall be consulted by the prosecutor in order to obtain their view regarding:

(a) The disposition of the delinquency case by dismissal, plea bargaining, or adjudication hearing.

(b) The use of available disposition alternatives such as placement in secure detention, probation, community service, and the payment of restitution to the victim.

La. Child. Code Ann. art. 811.1(9); (10).

Victims have the right to retain counsel and are granted access to law enforcement, the State, and judicial agencies to address their concerns and desires about the case.

In the instant matter, the victim asserts that victims have the same rights as a party in the case, i.e., to be an active participant in the courtroom including the filing of motions, and the right to bring issues to the juvenile court's attention.[3] There exists no statutory or jurisprudential provision granting victims the right to insert themselves as a party to a criminal case. "The person injured by the commission of an offense is not a party to the criminal prosecution, and his rights are not affected thereby." La. Code Crim. Proc. Ann. art. 381. Furthermore, there is no procedure for non-party intervention into a criminal case.[4] In fact, the right of the victim to address the court is limited to a victim impact statement, and the presentation of that statement is subject to the discretion of the State or the

---

[3] A *per curiam* issued by the juvenile court states that the victim seemingly sought to retry the case and acted beyond the scope of the rights granted by law by interrupting proceedings and attempting to contact the court attorney on her personal phone outside of business hours in an attempt to discuss the case causing the juvenile court to remind counsel that *ex parte* communication was not allowed.

[4] This Court is persuaded by federal jurisprudence which rejected the notion that victims have standing to intervene, or file motions in criminal cases because victims are not parties to the case. *United States v. Slovacek*, 699 F.3d 423, 427 (5th Cir. 2012).

accused. *See* La. Child. Code Ann. art. 893B ("Upon motion of the district attorney or the child, the court may hear testimony from the victim of the offense.").

This Court recognizes and emphasizes that the victim has a right to participate in the instant juvenile proceeding pursuant to the limitations set forth in La. Ch. C. Art 811.1, and finds that the victim has not been denied these rights by the juvenile court. However, because a victim is not recognized in law as a party in a juvenile/criminal proceeding, we find that a victim likewise lacks standing to appear before the juvenile court to file motions, to adjudicate issues, etc. Further, a victim lacks standing to seek appellate review of the juvenile/criminal case.

Accordingly, based on the aforesaid, we find that the juvenile court was well within its legal authority in not recognizing the victim as a party to the post-adjudication proceedings, denying the victim the ability to file motions and other pleadings and declining to grant the victim's notice of intent to seek a supervisory writ review.

*Recusal of the Orleans Parish District Attorney's Office*

Secondarily, the victim asserts that intervention is necessary in order to seek the recusal of the Orleans Parish District Attorney's Office from the case because Atty. Felix, serves as Chief of the Juvenile Division of the Orleans Parish District Attorney's Office, after having previously served as defense counsel for L.R., thus creating an incurable conflict of interest.

Rule 1.9(a) of the Louisiana Rules of Professional Conduct states: "A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the

6

former client gives informed consent, confirmed in writing." Additionally, "[a] district attorney shall be recused when he ... [h]as been employed or consulted in the case as attorney for the defendant before his election or appointment as district attorney." La. C. Crim. Proc. Art. 680(3). Granting a recusal requires a "showing by a preponderance of the evidence that the district attorney has a personal interest in conflict with the fair and impartial administration of justice." *State v. Ellis*, 2013-1401, p.26 (La. App. 4 Cir. 2/4/15), 161 So. 3d 64, 80.

Atty. Felix's prior work on the case creates a conflict of interest that warrants her recusal from the case; however, Art. 680 applies when the (assistant) district attorney personally was previously involved in the case, but does not require the recusal of the entire district attorney's office if any of its assistant district attorneys previously worked on the case. In fact, the Louisiana Supreme Court, as recent as 2018, has not required that an entire district attorney's office be recused, simply because an assistant district attorney previously worked on a case that is under the prosecutorial authority of the office. *See State v. Battaglia*, 2017-1451, p. 3 (La. 2/14/18) __ So. 3d __, 2018 WL 851274; *Ellis*, 161 So. 3d at 80 ("The recusal of an assistant district attorney does not require the recusal of the district attorney or his/her other assistants.").

In the current case, Atty. Felix previously worked on L.R.'s case and was properly recused from the case by the Orleans Parish District Attorney's Office pursuant to the office's conflict policy.[5] Atty. Felix was not involved in the State's objection to the Motion to Reconsider and performed no supervisory duties related

---

[5] The State filed an opposition to the instant writ application, as an officer of the court, stating that Atty. Felix was not involved in the case as an assistant district attorney and further stated that she will have no future involvement in the instant case due to the Orleans Parish District Attorney's Office's conflict policy.

7

to it.  In fact, an assistant district attorney who was not previously involved in the case was assigned to the matter.  Furthermore, the current newly elected district attorney had no personal prior involvement with the case and therefore does not need to recuse himself or his entire office.

## Conclusion

Based on the aforementioned, we find that the victim of a delinquent act, does not have party standing to appear before the juvenile court to file motions or seek supervisory review.  We further find that the Orleans Parish District Attorney's Office took appropriate steps to ensure that there is no conflict of interest in the prosecution of this case and is therefore, not required to recuse itself.

For the foregoing reasons, we grant the writ, deny relief, and lift the stay.

**WRIT GRANTED, RELIEF DENIED; STAY LIFTED**